## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| **PHILLIP WAYNE KOGER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. _____** |
| | ) | **JURY DEMAND** |
| **HAMILTON COUNTY, TENNESSEE, a** | ) | |
| **Political Subdivision of the State of Tennessee;** | ) | |
| **JIM HAMMOND, as Sheriff of Hamilton** | ) | |
| **County, Tennessee; FORT OGLETHORPE,** | ) | |
| **GEORGIA, a Political Subdivision of the State** | ) | |
| **Of Georgia; CATOOSA COUNTY, GEORGIA,** | ) | |
| **a Political Subdivision of the State of Georgia;** | ) | |
| **MIKE HELTON, as Chief of Police of the Fort** | ) | |
| **Oglethorpe Police Department; GARY SISK,** | ) | |
| **as Sheriff of Catoosa County, Georgia; FLOYD** | ) | |
| **DYLON, individually and in his official** | ) | |
| **capacity; JAMES DAVIS, individually and in** | ) | |
| **his official capacity; STEPHEN BAGLEY,** | ) | |
| **individually and in his official capacity; TYLER** | ) | |
| **GEBELEIN, individually and in his official** | ) | |
| **Capacity; MICHAEL CANNON, individually** | ) | |
| **and in his official capacity; JOHN MCGRATH,** | ) | |
| **individually and in his official capacity;** | ) | |
| **BRITTANY GILLELAND, individually and in** | ) | |
| **her official capacity BRANDON BENNETT,** | ) | |
| **individually and in his official capacity; JASON** | ) | |
| **SMITH, individually and in his official** | ) | |
| **capacity; JOHN DOES 1-10, individually and in** | ) | |
| **their official capacities.** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## COMPLAINT
---

Comes now the Plaintiff, by and through his attorneys of record and for his Complaint against the above-named Defendants, alleges as follows:

### NATURE OF THE CASE

1.1    This action arises under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and under federal law, specifically, the Civil Rights Act of 1964 as (amended), 42 U.S.C.A § 1983 *et seq.* for violations of the Constitutional Rights of the Plaintiff, Phillip Wayne Koger.

1.2    This action also arises under the Governmental Tort Liability Act, pursuant to sections 29-20-101, *et seq,* of the Tennessee Code Annotated, and/or The Georgia Tort Claims Act, pursuant to sections § 50-21-20 et seq. of the Georgia Code Annotated.  Defendants, Hamilton County, Tennessee, Fort Oglethorpe and Catoosa County, Georgia are also liable for the actions of the deputies of their respective Sheriff's Departments and Police Departments pursuant to Tenn. Code Ann. § 8-8-301, et seq. The Defendants, Jim Hammond, Mike Helton and Gary Sisk are liable for the actions of their respective deputies under §§ 15-16-23 and -24, as well as Ga. Code Ann. §36-33-1.

## JURISDICTION AND VENUE

2.1    This Court has jurisdiction over the Federal claims asserted in this action pursuant to 28 U.S.C.A. § 1331 (Federal Question) and 1343 (Civil Rights), as well as 42 U.S.C.A § 1983.

2.2    This court has jurisdiction over the State claims asserted in this action pursuant to 28 U.S.C.A. §1367 (Supplemental), as both the State claims and Federal claims form part of the same controversy.

2.3    Venue of this action is proper pursuant to 28 U.S.C.A. 1391(b) in that the events giving rise to the action occurred in the Northern District of Georgia.

## PARTIES

3.1    Plaintiff, Phillip Wayne Koger, is a citizen and resident of Bradley County, Tennessee.

3.2    The defendant, Hamilton County, Tennessee is a governmental entity and is responsible for the acts or failure to act of any deputy, employee, and/or agent appointed by the Sheriff of Hamilton County.

3.3    The Defendant, Jim Hammond, is the duly elected Sheriff of Hamilton County, Tennessee, and is civilly responsible for the act of the deputies, employees, and/or agents of the Hamilton County, Tennessee Sheriff's Department.

3.4    The Defendant, Fort Oglethorpe, Georgia is a governmental entity and is responsible for the acts or failure to act of any officer, employee, and/or agent appointed by the Police Chief of Fort Oglethorpe, Georgia.

3.5    The Defendant, Catoosa County, Georgia is a governmental entity and is responsible for the acts or failure to act of any officer, employee, and/or agent appointed by the Sheriff of Catoosa County, Georgia.

3.6    The Defendant, Mike Helton, is the duly appointed Chief of Police of Fort Oglethorpe, Georgia, and is civilly responsible for the act of the officers, employees, and/or agents of the Fort Oglethorpe, Georgia Police Department.

3.7    The Defendant, Gary Sisk, is the duly elected Sheriff of Catoosa County, Georgia, and is civilly responsible for the act of the deputies, employees, and/or agents of the Catoosa County, Georgia Sheriff's Department.

3.8    The Defendant, Floyd Dylon, is an officer with the Fort Oglethorpe Police Department, and as such, an employee of Fort Oglethorpe, Catoosa County, Georgia, and at all times relevant to this Complaint was acting under color of state law and is sued in his official capacity for his failure to perform, neglect of, and deliberate indifference to his duties as an officer with the Fort Oglethorpe Police Department.  Defendant Floyd Dylon is also being sued in his individual capacity.

3.9    The Defendant, Stephen Bagley, is an officer with the Fort Oglethorpe Police Department, and as such, an employee of Fort Oglethorpe, Catoosa County, Georgia, and at all times relevant to this Complaint was acting under color of state law and is sued in his official capacity for his failure to perform, neglect of, and deliberate indifference to his duties as an officer with the Fort Oglethorpe Police Department. Defendant Stephen Bagley is also being sued in his individual capacity.

3.10    The Defendant, James Davis, is an officer with the Fort Oglethorpe Police Department, and as such, an employee of Fort Oglethorpe, Catoosa County, Georgia, and at all times relevant to this Complaint was acting under color of state law and is sued in his official capacity for his failure to perform, neglect of, and deliberate indifference to his duties as an officer with the Fort Oglethorpe Police Department. Defendant James Davis is also being sued in his individual capacity.

3.11    The Defendant, Tyler Gebelein, is an officer with the Fort Oglethorpe Police Department, and as such, an employee of Fort Oglethorpe, Catoosa County, Georgia, and at all times relevant to this Complaint was acting under color of state law, and is sued in his official capacity for his failure to perform, neglect of, and deliberate indifference to his duties as an officer with the Fort Oglethorpe Police Department. Defendant Tyler Gebelein is also being sued in his individual capacity.

3.12    The Defendant, Michael Cannon, is a sergeant with the Fort Oglethorpe Police Department, and as such, an employee of Fort Oglethorpe, Catoosa County, Georgia, and at all times relevant to this Complaint was acting under color of state law, and is sued in his official capacity for his failure to perform, neglect of, and deliberate indifference to his duties as a sergeant with the Fort Oglethorpe Police Department.   Defendant Michael Cannon is also being sued in his individual capacity.

3.13    The Defendant, John McGrath, is a lieutenant with the Fort Oglethorpe Police Department, and as such, an employee of Fort Oglethorpe, Catoosa County, Georgia, and at all times relevant to this Complaint was acting under color of state law, and is sued in his official capacity for his failure to perform, neglect of, and deliberate indifference to his duties as a lieutenant with the Fort Oglethorpe Police Department.  Defendant John McGrath is also being sued in his individual capacity.

3.14    The Defendant, Brittany Gilleland, is a deputy with the Catoosa County Sheriff's Department, and as such, an employee of Catoosa County, Georgia, and at all times relevant to this Complaint was acting under color of state law, and is sued in her official capacity for her failure to perform, neglect of, and deliberate indifference to her duties as a deputy with the Catoosa County Sheriff's Department. Defendant Brittany Gilleland is also being sued in her individual capacity.

3.15    The Defendant, Brandon Bennett, is a deputy with the Hamilton County Sheriff's Department, and as such, an employee of Hamilton County, Tennessee, and at all times relevant to this Complaint was acting under color of state law, and is sued in his official capacity for his failure to perform, neglect of, and deliberate indifference to his duties as a deputy with the Hamilton County Sheriff's Department.   Defendant Brandon Bennett is also being sued in his individual capacity.

3.15    The Defendant, Jason Smith, is a deputy with the Hamilton County Sheriff's Department, and as such, an employee of Hamilton County, Tennessee, and at all times relevant to this Complaint was acting under color of state law, and is sued in his official capacity for his failure to perform, neglect of, and deliberate indifference to his duties as a deputy with the Hamilton County Sheriff's Department.  Defendant Jason Smith is also being sued in his individual capacity.

3.16    The Defendant John Does 1-10 are law enforcement officers with either the Hamilton County Sheriff's Department, Fort Oglethorpe Police Department or Catoosa County Sheriff's Department, and as such are employees of said organizations, and at all times relevant to this Complaint were acting under color of state law, and are sued in their official capacities for their failure to perform, neglect

or, and deliberate indifference to their duties. John Does 1-10 are also being sued in their individual capacities.

3.17    In doing the acts alleged in this complaint, Defendants, Dylon, Davis, Bagley, Gebelein, Cannon, McGrath and John Does 1-10 were acting under the color of the statutes, ordinances, regulations, customs, and usages of Fort Oglethorpe, Catoosa County, Georgia and the State of Georgia and under the authority of their respective offices at the Fort Oglethoprpe Police Department.

3.18    In doing the acts alleged in this complaint, Defendant, Gilleland  and John Does 1-10 were acting under the color of the statutes, ordinances, regulations, customs, and usages of Catoosa County, Georgia and the State of Georgia and under the authority of their office at the Catoosa County Sheriff's Department.

3.19    In doing the acts alleged in this complaint, Defendants, Bennett, Smith, and John Does 1-10 were acting under the color of the statutes, ordinances, regulations, customs, and usages of Hamilton County, Tennessee and the State of Tennessee and under the authority of their respective offices at the Hamilton County Sheriff's Department.

## FACTS

4.1    On March 8, 2017, Phillip Wayne Koger ("Koger") was driving on Standifer Gap Road in Chattanooga, Tennessee when law enforcement personnel

with the Hamilton County Sheriff's Department initiated a stop of his vehicle. Ultimately, the Hamilton County Sheriff's deputies were joined by Georgia law enforcement personnel, and Koger's vehicle was stopped in on Cloud Springs Road, Ft. Oglethorpe, Catoosa County, Georgia.

4.2    After his vehicle came to rest, Koger visibly placed both of his hands outside of the driver side window as law enforcement charged toward Koger's location.

4.3    Law enforcement officers subsequently removed Koger from the vehicle and quickly took him to the ground.

4.4    Multiple law enforcement officers subsequently swarmed to Koger's location on the ground to the left of the driver-side of Koger's vehicle.

4.5    Koger was not resisting while law enforcement officers worked to secure him with handcuffs.

4.6    Officers, identified herein as "John Doe," brutally and unnecessarily punched, kicked and stomped Koger's head and upper torso after Koger's person was secured on the ground by the other officers.

4.7    Fort Oglethorpe police officer, James Davis, delivered blows with his baton to Koger's lower extremities without justification.

4.8     After Koger was handcuffed and brought to his feet by law enforcement personnel, he was taken to the rear of a Hamilton County Sheriff's Department patrol car.

4.9     Koger's body was subsequently bent over the trunk of the patrol car by officers.

4.10    While his body was resting face down on the trunk of the car, officers, identified as "John Doe" herein, began brutally and unnecessarily using their elbows and fists to assault Koger's head, neck and back.

4.11    After the unnecessary assault to the back of Koger's head, neck and back, an unidentified law enforcement officer picked Koger's body up and threw his body into the rear window of the patrol car and continued to deliver blows to the defenseless and handcuffed body of Koger.

4.12     Officers, identified herein as "John Doe," inappropriately cursed Koger and commented that they wished the incident had resulted in Koger's death.

4.13    All of the law enforcement officers at the scene of the brutal attack were complicit in the assault perpetrated against Koger's defenseless person.

4.14    Koger repeatedly expressed to law enforcement officers that he could not see and was struggling to breathe but his pleas for help were ignored and/or mocked by the officers present at the scene.

4.15   At no time did any law enforcement officer attempt to stop the various assaults on Koger's defenseless person.

4.16   Following the attack on Koger's person, law enforcement officers, Floyd Dylon and Michael Cannon, transported Koger to Cornerstone Medical Center in Fort Oglethorpe, Georgia.

4.17   As a result of the attack, Koger suffered closed head trauma, multiple facial bone fractures, testicular trauma, facial lacerations, neck injury, upper back injury, and shoulder injury.

4.18   Cornerstone medical staff administered anti-nausea medication, Zofran, and narcotic pain medication, morphine, in an attempt to control Koger's symptoms.   Koger was subsequently transferred to Erlanger Hospital in Chattanooga, Tennessee due to the severity of his injuries.

4.19   The use of force by Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or John Does 1-10 caused Koger's injuries.

4.20   At the time Koger was beaten, he was unarmed and secured in handcuffs.

4.21   At the time Koger was beaten, he did not pose a significant threat of death or seriously bodily injury to himself.

4.22    At the time Koger was beaten, he did not pose significant threat of death or seriously bodily injury to Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or John Does 1-10.

4.23    The use force against Koger was unreasonable and totally without justification.

4.24    National, state and local standards limit the use of physical force only to overcome resistance, repel aggression or protect life.

4.25    National, state and local standards prohibit the use of physical force as punishment.

4.26    Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or John Does 1-10 had no reason to use physical force against Koger after his person was secured by officers.

4.27    Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or John Does 1-10 were not justified in using physical force against Koger after his person was secured by officers.

4.28    In using physical force against Koger, Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or John Does 1-10 were deliberately indifferent to Koger's federally protected civil rights,

including his right to be free from unreasonable and/or unnecessary force, excessive force that amounts to punishment, and the wanton infliction of pain.

4.29   Defendants. Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or John Does 1-10 use of force against Koger was unreasonable.

4.30   Defendants, Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or John Does 1-10 use of force against Koger was unnecessary.

4.31   Defendants, Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or John Does 1-10 use of force against Koger was excessive and amounted to punishment.

4.32   Defendants, Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or John Does 1-10 use of force against Koger was intentional, deliberate, malicious, corrupt and was without the authority of law.

4.33   Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or John Does 1-10 were aware of a substantial risk of harm in using force against Koger.

4.34   Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or John Does 1-10 consciously disregarded the risk of harm to Koger and chose to use force despite being aware of the risk.

4.35   At the time Koger was attacked by Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or John Does 1-10, Koger was not physically or verbally threatening Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or John Does 1-10 or any other person.

4.36   At the time Koger was attacked by Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or John Does 1-10, Koger did not pose a significant threat to himself.

4.37   At the time Koger was attacked by Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or John Does 1-10, Koger did not pose a threat to Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or John Does 1-10 or any other person.

4.38   At the time Koger was attacked by Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or John Does 1-10, Koger's conduct did not create a rapidly evolving situation.

4.39   Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or John Does 1-10 unreasonably escalated the incident with Koger by attacking Koger without warning or provocation.

4.40   Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or John Does 1-10 attack on Koger was done maliciously and sadistically for the very purpose of causing harm to Koger.

4.41   In doing the acts alleged in this complaint, Defendant Floyd Dylon was acting under the color of the statutes, ordinances, regulations, customs and usages of the Fort Oglethorpe Government, Catoosa County Government, the State of Georgia and under the authority of his office as an officer of the Fort Oglethorpe Police Department.

4.42   In doing the acts alleged in this complaint, Defendant James Davis was acting under the color of the statutes, ordinances, regulations, customs and usages of the Fort Oglethorpe Government, Catoosa County Government, the State of Georgia and under the authority of his office as an officer of the Fort Oglethorpe Police Department.

4.43   In doing the acts alleged in this complaint, Defendant Stephen Bagley was acting under the color of the statutes, ordinances, regulations, customs and usages of the Fort Oglethorpe Government, Catoosa County Government, the State

of Georgia and under the authority of his office as an officer of the Fort Oglethorpe Police Department.

4.44   In doing the acts alleged in this complaint, Defendant Tyler Gebelein was acting under the color of the statutes, ordinances, regulations, customs and usages of the Fort Oglethorpe Government, Catoosa County Government, the State of Georgia and under the authority of his office as an officer of the Fort Oglethorpe Police Department.

4.45   In doing the acts alleged in this complaint, Defendant Michael Cannon was acting under the color of the statutes, ordinances, regulations, customs and usages of the Fort Oglethorpe Government, Catoosa County Government, the State of Georgia and under the authority of his office as a sergeant of the Fort Oglethorpe Police Department.

4.46   In doing the acts alleged in this complaint, Defendant John McGrath was acting under the color of the statutes, ordinances, regulations, customs and usages of the Fort Oglethorpe Government, Catoosa County Government, the State of Georgia and under the authority of his office as a lieutenant of the Fort Oglethorpe Police Department.

4.47   In doing the acts alleged in this complaint, Defendant Brittany Gilleland was acting under the color of the statutes, ordinances, regulations, customs and

usages of the Catoosa County Government, the State of Georgia and under the authority of her office as a detective of the Catoosa County Sheriff's Department.

4.48   In doing the acts alleged in this complaint, Defendant Brandon Bennett was acting under the color of the statutes, ordinances, regulations, customs and usages of the Hamilton County Government, the State of Tennessee and under the authority of his office as a deputy of the Hamilton County Sheriff's Department.

4.49   In doing the acts alleged in this complaint, Defendant Jason Smith was acting under the color of the statutes, ordinances, regulations, customs and usages of the Hamilton County Government, the State of Tennessee and under the authority of his office as a deputy of the Hamilton County Sheriff's Department.

4.50   Upon information and belief, in doing the acts alleged in this complaint, Defendants John Does 1-10 were acting under the color of the statutes, ordinances, regulations, customs and usages of the Fort Oglethorpe Government, Catoosa County Government, the State of Georgia, and under their authority of their offices as law enforcement officers.

4.51   Upon information and belief, in doing the acts alleged in this complaint, Defendants John Does 1-10 were acting under the color of the statutes, ordinances, regulations, customs and usages of the Hamilton County Government, the State of Tennessee and under their authority of their offices as law enforcement officers.

17

4.52  Defendant Hamilton County, Tennessee was responsible for the training of all sheriffs' deputies of Hamilton County, Tennessee, in the proper use of force in the performance of their duties.

4.53  Defendant Catoosa County, Georgia was responsible for the training of all sheriffs' deputies and detectives of Catoosa County, Georgia, in the proper use of force in the performance of their duties.

4.54  Defendant Fort Oglethorpe, Georgia was responsible for the training of all officers, lieutenants and sergeants of Fort Oglethorpe, Georgia, in the proper use of force in the performance of their duties.

4.55  Upon information and belief, Defendants Dylon, Bagley, Davis, Gebelein, Cannon, and McGrath were trained by Fort Oglethorpe, Catoosa County, Georgia in the use of force in accordance with the statutes, ordinances, regulations, customs and usages of the Fort Oglethorpe Government, the Catoosa County Government and the State of Georgia.

4.56  Upon information and belief, Defendant Gilleland was trained by Catoosa County, Georgia in the use of force in accordance with the statutes, ordinances, regulations, customs and usages of the Catoosa County Government and the State of Georgia.

4.57   Upon information and belief, Defendants Bennett and Smith were trained by Hamilton County, Tennessee in the use of force in accordance with the statutes, ordinances, regulations, customs and usages of the Hamilton County Government and the State of Tennessee.

4.58   Upon information and belief, Defendants John Does 1-10 were trained by Fort Oglethorpe, Catoosa County, Georgia in the use of force in accordance with the statutes, ordinances, regulations, customs and usages of the Fort Oglethorpe Government, the Catoosa County Government and the State of Georgia.

4.59   Upon information and belief, Defendants John Does 1-10 were trained by Hamilton County, Tennessee in the use of force in accordance with the statutes, ordinances, regulations, customs and usages of the Hamilton County Government and the State of Tennessee.

4.60   Defendant Fort Oglethorpe, Georgia was responsible for the customs, policies, procedures and practices implemented through its various agencies, departments and employees, including but not limited to, the policies and practices used and the training received by the Fort Oglethorpe Police Department in the use of force and in exercising their powers of arrest granted them by the laws of the State of Georgia.

4.61   Defendant Catoosa County, Georgia was responsible for the customs, policies, procedures and practices implemented through its various agencies, departments and employees, including but not limited to, the policies and practices used and the training received by the Catoosa County Sheriff's Department in the use of force and in exercising their powers of arrest granted them by the laws of the State of Georgia.

4.62   Defendant Hamilton County, Tennessee was responsible for the customs, policies, procedures and practices implemented through its various agencies, departments and employees, including but not limited to, the policies and practices used and the training received by the Hamilton County Sheriff's Department in the use of force and in exercising their powers of arrest granted them by the laws of the State of Tennessee.

4.63   Defendant Fort Oglethorpe, Georgia knew to a moral certainty that the employees of the Fort Oglethorpe Police Department would be required to subdue arrestees by force.

4.64   Defendant Catoosa County, Georgia knew to a moral certainty that the employees of the Catoosa County Sheriff's Department would be required to subdue arrestees by force.

4.65   Defendant Hamilton County, Tennessee knew to a moral certainty that the employees of the Hamilton County Sheriff's Department would be required to subdue arrestees by force.

4.66   Defendant Fort Oglethorpe, Georgia failed to properly train its employees in using force to subdue arrestees which would not cause serious bodily injuries.

4.67   Defendant Catoosa County, Georgia failed to properly train its employees in using force to subdue arrestees which would not cause serious bodily injuries.

4.68   Defendant Hamilton County, Tennessee failed to properly train its employees in using force to subdue arrestees which would not cause serious bodily injuries.

4.69   Defendant Fort Oglethorpe, Georgia failed to properly train its employees in post-arrest procedures and the propriety of using force once an arrestee is restrained in handcuffs.

4.70   Defendant Catoosa County, Georgia failed to properly train its employees in post-arrest procedures and the propriety of using force once an arrestee is restrained in handcuffs.

4.71   Defendant Hamilton County, Tennessee failed to properly train its employees in post-arrest procedures and the propriety of using force once an arrestee is restrained in handcuffs.

4.72   The apparent failure of Defendant Fort Oglethorpe, Georgia to properly train its employees in the use of force to subdue arrestees and post-arrest procedures rises to the level of deliberate indifference.

4.73   The apparent failure of Defendant Catoosa County, Georgia to properly train its employees in the use of force to subdue arrestees and post-arrest procedures rises to the level of deliberate indifference.

4.74   The apparent failure of Defendant Hamilton County, Tennessee to properly train its employees in the use of force to subdue arrestees and post-arrest procedures rises to the level of deliberate indifference.

## COUNT I
### (FOURTH, FIFTH AND FOURTEENTH AMENDMENTS
### VIOLATION OF 42 U.S.C.A. §1983 – EXCESSIVE FORCE)

5.1   The conduct of the Defendants as described above deprived Phillip Wayne Koger of his right not to be subjected to unreasonable seizure by the use of excessive and potentially deadly force under the Fourth Amendment to the United States Constitution and his right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the laws as

guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution.

5.2    The conduct of the Defendants as described above was so outrageous that it shocks the conscience so as to violate Koger's substantive due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

5.3    Pursuant to statute, the Defendants are liable to Plaintiff for special and general compensatory damages, including but not limited to, emotional, physical, economic, and pecuniary damages, punitive damages, and reasonable attorney's fees and costs.

5.4    Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or John Does 1-10 are also liable to Koger for special and general compensatory damages, including but not limited to emotional, physical, economic, and pecuniary damages, punitive damages, and reasonable attorney's fees and costs in their individual capacities.

5.5    As a direct and proximate result of the violation of Koger's constitutional rights, Koger suffered significant physical, emotional, and economic damages more fully described later in this complaint.

## COUNT II
### (GOVERNMENTAL TORT LIABILITY ACT – TENN. CODE. ANN. § 29-20-205 – AND/OR GA. CODE ANN. § 50-21-20 ET SEQ. EXCESSIVE FORCE)

6.1     The Defendant, Fort Oglethorpe, Georgia, owed Phillip Wayne Koger a duty to protect his life and health, to have its employees refrain from conduct which created an unreasonable risk of injury or death, to adequately train its employees, and to refrain from the use of excessive and potentially deadly force except where reasonably necessary to protect the health and safety of the officers and/or the public.

6.2     The Defendant, Catoosa County, Georgia, owed Phillip Wayne Koger a duty to protect his life and health, to have its employees refrain from conduct which created an unreasonable risk of injury or death, to adequately train its employees, and to refrain from the use of excessive and potentially deadly force except where reasonably necessary to protect the health and safety of the officers and/or the public.

6.3     The Defendant, Hamilton County, Tennessee, owed Phillip Wayne Koger a duty to protect his life and health, to have its employees refrain from conduct which created an unreasonable risk of injury or death, to adequately train its employees, and to refrain from the use of excessive and potentially deadly force except where reasonably necessary to protect the health and safety of the officers and/or the public.

6.4     The Defendants, Fort Oglethorpe, Georgia, Catoosa County, Georgia

and Hamilton County, Tennessee breached the above-listed duties to Koger in the following ways:

    A.  The Defendants, Fort Oglethorpe, Georgia, Catoosa County, Georgia and Hamilton County, Tennessee, failed to protect Koger from the unreasonable and excessive use of potentially deadly force by the Defendants' employees acting within the scope of their employment;

    B.  The Defendants, Fort Oglethorpe, Georgia, Catoosa County, Georgia and Hamilton County, Tennessee, employees engaged in conduct which put Koger's life and health at risk by using deadly force in a situation where such force was unnecessary and unreasonable; and

    C.  The Defendants, Fort Oglethorpe, Georgia, Catoosa County, Georgia and Hamilton County, Tennessee, failed to adequately train and supervise its employees in regard to the proper use of force.

6.3    As a direct and proximate result of the negligence of the Defendants, Fort Oglethorpe, Georgia, Catoosa County, Georgia and Hamilton County, Tennessee, Koger suffered significant physical, emotional, and economic damages more fully described later in this complaint.

## COUNT III

**(COUNTY'S RESPONSIBILITY FOR ACTIONS OF DEPUTIES – TENN. CODE ANN. § 8-8-302 AND/OR GA. CODE ANN. §§ 15-16-23 AND -24, AS WELL AS GA. CODE ANN. §36-33-1.)**

7.1    Pursuant to Tenn. Code Ann. § 8-8-302, and/or Ga. Code Ann. §§ 15-16-23 and -24, as well as Ga. Code Ann. §36-33-1, Defendants Hamilton County, Tennessee, Ft. Oglethorpe, Georgia and Catoosa County, Georgia are responsible for the actions and inactions of Floyd Dylon, James Davis, Stephen Bagley, Tyler Gebelein, Michael Cannon, John McGrath, Brittany Gilleland, Brandon Bennett, Jason Smith and John Does 1-10.

## DAMAGES

8.1    As a direct and proximate result of the conduct of the Defendants as described above, Koger experienced extreme emotional and physical pain and suffering from the beginning of the beating until present.

8.2    As a direct and proximate result of the conduct of the Defendants as described above, Koger experienced extreme mental anguish, humiliation, pain and suffering.

8.3    As a direct and proximate result of the conduct of the Defendants as described above, Koger incurred substantial medical bills.

26

8.4    As a direct and proximate result of the conduct of the Defendants as described above, Koger suffers from permanent injuries to his face, neck and back.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully demands judgment against Defendants, and each of them, jointly and severally as follows:

1.    That proper process issue and be served upon the Defendants, requiring them to answer this Complaint within the time required by law;

2.    That a jury be impaneled to try the issues of this matter;

2.    That Plaintiff be awarded a judgment for compensatory damages in an amount to be determined by the trier of fact not to exceed the maximum amount allowed by law to compensate Plaintiff for damages caused by the violation of Phillip Wayne Koger's constitutional rights, including Phillip Wayne Koger's medical and other economic damages, his physical and emotional pain and suffering, as well as damages caused by the negligence of the Defendants, including the medical and economic damages, his physical and emotional pain and suffering.

3.    That the Plaintiff be awarded a judgment for punitive damages in an amount that is necessary to punish the Defendants and to deter others from committing similar wrongs in the future;

4.    That the Plaintiff be awarded his costs, litigation costs, discretionary costs, pre-and post-judgment interest, and attorney's fees pursuant to 42 U.S.C. §1988; and

5.    That Plaintiff be granted such other, further, and general relief as to which

he is entitled.

Respectfully Submitted,

BULLOCK, FLY, HORNSBY & EVANS

/s/ Luke A. Evans
LUKE A. EVANS, No. 23620
HEATHER G. PARKER, No. 30293
Attorneys for Plaintiff
302 North Spring St.
P.O. Box 398
Murfreesboro, TN 37133-0398
(615) 896-4154
(615) 896-4152 (Fax)
lukeevans@bfhelaw.com
heatherparker@bfhelaw.com

*Pending admission pro hac vice*


THE STANFORD LAW FIRM, PLLC


/s/ Christopher R. Stanford
CHRISTOPHER R. STANFORD, No. 26612
CHRISTINA S. STANFORD, No. 28387
Attorneys for Plaintiff
103 West High Street
Manchester, Tennessee 37355
(931) 954-5577
(931) 954-5599 (Fax)
stanfordlawfirm@gmail.com

*Pending admission pro hac vice*

BULLARD & WANGERIN, LLP

/s/ Erin S. Corbett
ERIN S. CORBETT, Bar No. 001288
Local Counsel for Pro Hac Vice Attorneys
P.O. Box 18107
2960 Riverside Drive, Suite 280
Macon, Georgia 31209
(478) 757-8500
(478) 757-1132 (Fax)
esmith@bgwlawfirm.com

*Local counsel only for Plaintiff's attorneys*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of March, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/ Erin S. Corbett
ERIN S. CORBETT