## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| **PHILLIP WAYNE KOGER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) **CASE NO. 4:18-CV-00053-HLM** | |
| | ) | |
| **HAMILTON COUNTY, ET AL.,** | ) | |
| **Defendants.** | ) | |

_____

## AMENDED COMPLAINT
_____

Comes now the Plaintiff, by and through his attorneys of record, pursuant to Rule 15 of the Federal Rules of Civil Procedure, and for his Amended Complaint against the above-named Defendants, alleges as follows:

## NATURE OF THE CASE

1.1    This action arises under the Fourth Amendment to the United States Constitution, and under federal law, specifically, the Civil Rights Act of 1964 as (amended), 42 U.S.C.A § 1983 *et seq.* for violations of the Constitutional Rights of the Plaintiff, Phillip Wayne Koger.

1.2    This action also arises under the Governmental Tort Liability Act, pursuant to sections 29-20-101, *et seq,* of the Tennessee Code Annotated, and/or The

Georgia Tort Claims Act, pursuant to sections § 50-21-20 et seq. of the Georgia Code Annotated.  Defendants, Hamilton County, Tennessee, Fort Oglethorpe and Catoosa County, Georgia are also liable for the actions of the deputies of their respective Sheriff's Departments and Police Departments pursuant to Tenn. Code Ann. § 8-8-301, et seq. The Defendants, Jim Hammond, Mike Helton and Gary Sisk are liable for the actions of their respective deputies under §§ 15-16-23 and -24, as well as Ga. Code Ann. §36-33-1.

## JURISDICTION AND VENUE

2.1    This Court has jurisdiction over the Federal claims asserted in this action pursuant to 28 U.S.C.A. § 1331 (Federal Question) and 1343 (Civil Rights), as well as 42 U.S.C.A § 1983.

2.2    This court has jurisdiction over the State claims asserted in this action pursuant to 28 U.S.C.A.  §1367 (Supplemental), as both the State claims and Federal claims form part of the same controversy.

2.3    Venue of this action is proper pursuant to 28 U.S.C.A. 1391(b) in that the events giving rise to the action occurred in the Northern District of Georgia.

## PARTIES

3.1    Plaintiff, Phillip Wayne Koger, is a citizen and resident of Bradley County, Tennessee.

3.2     The defendant, Hamilton County, Tennessee is a governmental entity and is responsible for the acts or failure to act of any deputy, employee, and/or agent appointed by the Sheriff of Hamilton County.

3.3     The Defendant, Jim Hammond, is the duly elected Sheriff of Hamilton County, Tennessee, and is civilly responsible for the acts or failure to act of the deputies, employees, and/or agents of the Hamilton County, Tennessee Sheriff's Department.

3.4     The Defendant, Fort Oglethorpe, Georgia is a governmental entity and is responsible for the acts or failure to act of any officer, employee, and/or agent appointed by the Police Chief of Fort Oglethorpe, Georgia.

3.5     The Defendant, Catoosa County, Georgia is a governmental entity and is responsible for the acts or failure to act of any officer, employee, and/or agent appointed by the Sheriff of Catoosa County, Georgia.

3.6     The Defendant, Mike Helton, is the duly appointed Chief of Police of Fort Oglethorpe, Georgia, and is civilly responsible for the acts or failure to act of the officers, employees, and/or agents of the Fort Oglethorpe, Georgia Police Department.

3.7     The Defendant, Gary Sisk, is the duly elected Sheriff of Catoosa County, Georgia, and is civilly responsible for the acts or failure to act of the

deputies, employees, and/or agents of the Catoosa County, Georgia Sheriff's Department.

3.8    The Defendant, Floyd Dylon, is an officer with the Fort Oglethorpe Police Department, and as such, an employee of Fort Oglethorpe, Catoosa County, Georgia, and at all times relevant to this Complaint was acting under color of state law.  Defendant Floyd Dylon is being sued in his individual capacity.

3.9    The Defendant, Stephen Bagley, is an officer with the Fort Oglethorpe Police Department, and as such, an employee of Fort Oglethorpe, Catoosa County, Georgia, and at all times relevant to this Complaint was acting under color of state law. Defendant Stephen Bagley is being sued in his individual capacity.

3.10   The Defendant, James Davis, is an officer with the Fort Oglethorpe Police Department, and as such, an employee of Fort Oglethorpe, Catoosa County, Georgia, and at all times relevant to this Complaint was acting under color of state law. Defendant James Davis is being sued in his individual capacity.

3.11   The Defendant, Tyler Gebelein, is an officer with the Fort Oglethorpe Police Department, and as such, an employee of Fort Oglethorpe, Catoosa County, Georgia, and at all times relevant to this Complaint was acting under color of state law. Defendant Tyler Gebelein is being sued in his individual capacity.

3.12   The Defendant, Michael Cannon, is a sergeant with the Fort Oglethorpe Police Department, and as such, an employee of Fort Oglethorpe, Catoosa County,

Georgia, and at all times relevant to this Complaint was acting under color of state law. Defendant Michael Cannon is being sued in his individual capacity.

3.13   The Defendant, John McGrath, is a lieutenant with the Fort Oglethorpe Police Department, and as such, an employee of Fort Oglethorpe, Catoosa County, Georgia, and at all times relevant to this Complaint was acting under color of state law. Defendant John McGrath is being sued in his individual capacity.

3.14   The Defendant, Brittany Gilleland, is a deputy with the Catoosa County Sheriff's Department, and as such, an employee of Catoosa County, Georgia, and at all times relevant to this Complaint was acting under color of state law. Defendant Brittany Gilleland is being sued in her individual capacity.

3.15   The Defendant, Brandon Bennett, is a deputy with the Hamilton County Sheriff's Department, and as such, an employee of Hamilton County, Tennessee, and at all times relevant to this Complaint was acting under color of state law. Defendant Brandon Bennett is being sued in his individual capacity.

3.15   The Defendant, Jason Smith, is a deputy with the Hamilton County Sheriff's Department, and as such, an employee of Hamilton County, Tennessee, and at all times relevant to this Complaint was acting under color of state law. Defendant Jason Smith is being sued in his individual capacity.

3.16   The Defendant John Does are law enforcement officers with either the Hamilton County Sheriff's Department, Fort Oglethorpe Police Department or

Catoosa County Sheriff's Department, and as such are employees of said organizations, and at all times relevant to this Complaint were acting under color of state law. The John Does listed are those that were present on March 8, 2017, and made the scene where Plaintiff's vehicle came to rest on Cloud Springs Road in Ft. Oglethorpe, Catoosa County, Georgia. John Does are being sued in their individual capacities.

    3.17   In doing the acts alleged in this complaint, Defendants, Dylon, Davis, Bagley, Gebelein, Cannon, McGrath and John Does 1-10 were acting under the color of the statutes, ordinances, regulations, customs, and usages of Fort Oglethorpe, Catoosa County, Georgia and the State of Georgia and under the authority of their respective offices at the Fort Oglethoprpe Police Department.

    3.18   In doing the acts alleged in this complaint, Defendants, Gilleland and John Does 1-10 were acting under the color of the statutes, ordinances, regulations, customs, and usages of Catoosa County, Georgia and the State of Georgia and under the authority of their office at the Catoosa County Sheriff's Department.

    3.19   In doing the acts alleged in this complaint, Defendants, Bennett, Smith, and John Does 1-10 were acting under the color of the statutes, ordinances, regulations, customs, and usages of Hamilton  County, Tennessee and the State of Tennessee and under the authority of their respective offices at the Hamilton County Sheriff's Department.

## FACTS

4.1     On March 8, 2017, Phillip Wayne Koger ("Koger") was driving on Standifer Gap Road in Chattanooga, Tennessee when law enforcement personnel with the Hamilton County Sheriff's Department initiated a stop of his vehicle. Ultimately, the Hamilton County Sheriff's deputies were joined by Georgia law enforcement personnel, and Koger's vehicle was stopped on Cloud Springs Road, Ft. Oglethorpe, Catoosa County, Georgia.

4.2     Defendant Dylon made the scene and was present for all events described hereinafter.

4.3     Defendant Davis made the scene and was present for all events described hereinafter.

4.4     Defendant Bagley made the scene and was present for all events described hereinafter.

4.5     Defendant Gebelein made the scene and was present for all events described hereinafter.

4.6     Defendant Cannon made the scene and was present for all events described hereinafter.

4.7     Defendant McGrath made the scene and was present for all events described hereinafter.

4.8    Defendant Gilleland made the scene and was present for all events described hereinafter.

4.9    Defendant Bennett made the scene and was present for all events described hereinafter.

4.10   Defendant Smith made the scene and was present for all events described hereinafter.

4.11   Defendant John Does made the scene and were present for all events described hereinafter.

4.12   After his vehicle came to rest, Koger visibly placed both of his hands outside of the driver side window as Defendant Officers[1] charged toward Koger's location.

4.13   Defendant Officers subsequently removed Koger from the vehicle and quickly took him to the ground. The remaining Defendant Officers observed Koger being removed from his vehicle.

4.14   Defendant Officers subsequently swarmed to Koger's location on the ground to the left of the driver-side of Koger's vehicle.

4.15   Koger was not resisting while Defendant Officers worked to secure him with handcuffs.

---

[1] Defendant Officers shall be defined as Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Smith and John Does.

4.16   Koger was brutally and unnecessarily punched, kicked, struck and stomped in his head and upper torso after Koger's person was secured on the ground by Defendant Officers.

4.17   Upon information and belief, Defendant Dylon used excessive force by striking Koger as described in paragraph 4.16, or in the alternative Defendant Dylon participated in the excessive use of force by others by observing their use of excessive force and failing to intervene.

4.18   Upon information and belief, Defendant Davis used excessive force by striking Koger as described in paragraph 4.16, or in the alternative Defendant Davis participated in the excessive use of force by others by observing their use of excessive force and failing to intervene.

4.19   Upon information and belief, Defendant Bagley used excessive force by striking Koger as described in paragraph 4.16, or in the alternative Defendant Bagley participated in the excessive use of force by others by observing their use of excessive force and failing to intervene.

4.20   Upon information and belief, Defendant Gebelein used excessive force by striking Koger as described in paragraph 4.16, or in the alternative Defendant Gebelein participated in the excessive use of force by others by observing their use of excessive force and failing to intervene.

4.21   Upon information and belief, Defendant Cannon used excessive force by striking Koger as described in paragraph 4.16, or in the alternative Defendant Cannon participated in the excessive use of force by others by observing their use of excessive force and failing to intervene.

4.22   Upon information and belief, Defendant McGrath used excessive force by striking Koger as described in paragraph 4.16, or in the alternative Defendant McGrath participated in the excessive use of force by others by observing their use of excessive force and failing to intervene.

4.23   Upon information and belief, Defendant Gilleland used excessive force by striking Koger as described in paragraph 4.16, or in the alternative Defendant Gilleland participated in the excessive use of force by others by observing their use of excessive force and failing to intervene.

4.24   Upon information and belief, Defendant Bennett used excessive force by striking Koger as described in paragraph 4.16, or in the alternative Defendant Bennett participated in the excessive use of force by others by observing their use of excessive force and failing to intervene.

4.25   Upon information and belief, Defendant Smith used excessive force by striking Koger as described in paragraph 4.16, or in the alternative Defendant Smith participated in the excessive use of force by others by observing their use of excessive force and failing to intervene.

4.26   Upon information and belief, Defendant John Does used excessive force by striking Koger as described in paragraph 4.16, or in the alternative Defendant John Does participated in the excessive use of force by others by observing their use of excessive force and failing to intervene.

4.27   Fort Oglethorpe police officer, James Davis, delivered blows with his baton to Koger's lower extremities without justification.

4.28   Defendant Officers observed James Davis deliver blows with his baton to Koger's lower extremities without justification.

4.29   Defendant Officers were in a position to intervene and stop Defendant Davis in that they were standing in close proximity to Defendant Davis and observed his conduct.

4.30   After Koger was handcuffed and brought to his feet by Defendant Officers, he was taken to the rear of a Hamilton County Sheriff's Department patrol car.

4.31   Koger's body was subsequently bent over the trunk of the patrol car.

4.32   While his body was resting face down on the trunk of the car, Koger was brutally beaten receiving blows to his head, neck and back. Koger was then picked up and thrown into the rear window of the patrol car where he continued to receive blows to his defenseless and handcuffed body.

4.33   Upon information and belief, Defendant Dylon used excessive force by striking Koger as described in paragraph 4.32, or in the alternative Defendant Dylon participated in the excessive use of force by others by observing their use of excessive force and failing to intervene.

4.34   Upon information and belief, Defendant Davis used excessive force by striking Koger as described in paragraph 4.32, or in the alternative Defendant Davis participated in the excessive use of force by others by observing their use of excessive force and failing to intervene.

4.35   Upon information and belief, Defendant Bagley used excessive force by striking Koger as described in paragraph 4.32, or in the alternative Defendant Bagley participated in the excessive use of force by others by observing their use of excessive force and failing to intervene.

4.36   Upon information and belief, Defendant Gebelein used excessive force by striking Koger as described in paragraph 4.32, or in the alternative Defendant Gebelein participated in the excessive use of force by others by observing their use of excessive force and failing to intervene.

4.37   Upon information and belief, Defendant Cannon used excessive force by striking Koger as described in paragraph 4.32, or in the alternative Defendant Cannon participated in the excessive use of force by others by observing their use of excessive force and failing to intervene.

4.38   Upon information and belief, Defendant McGrath used excessive force by striking Koger as described in paragraph 4.32, or in the alternative Defendant McGrath participated in the excessive use of force by others by observing their use of excessive force and failing to intervene.

4.39   Upon information and belief, Defendant Gilleland used excessive force by striking Koger as described in paragraph 4.32, or in the alternative Defendant Gilleland participated in the excessive use of force by others by observing their use of excessive force and failing to intervene.

4.40   Upon information and belief, Defendant Bennett used excessive force by striking Koger as described in paragraph 4.32, or in the alternative Defendant Bennett participated in the excessive use of force by others by observing their use of excessive force and failing to intervene.

4.41   Upon information and belief, Defendant Smith used excessive force by striking Koger as described in paragraph 4.32, or in the alternative Defendant Smith participated in the excessive use of force by others by observing their use of excessive force and failing to intervene.

4.42   Upon information and belief, Defendant John Does used excessive force by striking Koger as described in paragraph 4.32, or in the alternative Defendant John Does participated in the excessive use of force by others by observing their use of excessive force and failing to intervene.

4.43   Defendant Officers observed this second assault upon Koger, were in close proximity to Mr. Koger, and did nothing to aide Mr. Koger or stop the assault.

4.44   Defendant Officers, inappropriately cursed Koger and commented that they wished the incident had resulted in Koger's death.

4.45   Defendant Officers at the scene of the brutal attack were complicit in the assault perpetrated against Koger's defenseless person.

4.46   Koger repeatedly expressed to Defendant Officers that he could not see and was struggling to breathe but his pleas for help were ignored and/or mocked by the officers present at the scene.

4.47   At no time did any Defendant Officers attempt to stop the various assaults on Koger's defenseless person.

4.48   Following the attack on Koger's person, Defendants Dylon and Cannon, transported Koger to Cornerstone Medical Center in Fort Oglethorpe, Georgia.

4.49   As a result of the attack, Koger suffered closed head trauma, multiple facial bone fractures, testicular trauma, facial lacerations, neck injury, upper back injury, and shoulder injury.

4.50   Cornerstone medical staff administered anti-nausea medication, Zofran, and narcotic pain medication, morphine, in an attempt to control Koger's

symptoms.    Koger was subsequently transferred to Erlanger Hospital in Chattanooga, Tennessee due to the severity of his injuries.

4.51    The use of force by Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or Does 1-10 caused Koger's injuries.

4.52    At the time Koger was beaten, he was unarmed and secured in handcuffs.

4.53    At the time Koger was beaten, he did not pose a significant threat of death or seriously bodily injury to himself.

4.54    At the time Koger was beaten, he did not pose significant threat of death or seriously bodily injury to Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or Does 1-10.

4.55    The use force against Koger was unreasonable and totally without justification.

4.56    National, state and local standards limit the use of physical force only to overcome resistance, repel aggression or protect life.

4.57    National, state and local standards prohibit the use of physical force as punishment.

4.58   Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or Does 1-10 had no reason to use physical force against Koger after his person was secured by officers.

4.59   Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or Does 1-10 were not justified in using physical force against Koger after his person was secured by officers.

4.60   In using physical force against Koger, Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or Does 1-10 were deliberately indifferent to Koger's federally protected civil rights, including his right to be free from unreasonable and/or unnecessary force, excessive force that amounts to punishment, and the wanton infliction of pain.

4.61   Defendants. Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or Does 1-10 use of force against Koger was unreasonable.

4.62   Defendants, Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or Does 1-10 use of force against Koger was unnecessary.

4.63   Defendants, Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or Does 1-10 use of force against Koger was excessive and amounted to punishment.

4.64   Defendants, Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or Does 1-10 use of force against Koger was intentional, deliberate, malicious, corrupt and was without the authority of law.

4.65   Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or Does 1-10 were aware of a substantial risk of harm in using force against Koger.

4.66   Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or Does 1-10 consciously disregarded the risk of harm to Koger and chose to use force despite being aware of the risk.

4.67   At the time Koger was attacked by Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or Does 1-10, Koger was not physically or verbally threatening Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or Does 1-10 or any other person.

4.68   At the time Koger was attacked by Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or Does 1-10, Koger did not pose a significant threat to himself.

4.69   At the time Koger was attacked by Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or Does 1-10,

Koger did not pose a threat to Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or Does 1-10 or any other person.

4.70   At the time Koger was attacked by Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or Does 1-10, Koger's conduct did not create a rapidly evolving situation.

4.71   Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or Does 1-10 unreasonably escalated the incident with Koger by attacking Koger without warning or provocation.

4.72   Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or Does 1-10 attack on Koger was done maliciously and sadistically for the very purpose of causing harm to Koger.

4.73   In doing the acts alleged in this complaint, Defendant Floyd Dylon was acting under the color of the statutes, ordinances, regulations, customs and usages of the Fort Oglethorpe Government, Catoosa County Government, the State of Georgia and under the authority of his office as an officer of the Fort Oglethorpe Police Department.

4.74   In doing the acts alleged in this complaint, Defendant James Davis was acting under the color of the statutes, ordinances, regulations, customs and usages of the Fort Oglethorpe Government, Catoosa County Government, the State of Georgia

and under the authority of his office as an officer of the Fort Oglethorpe Police Department.

4.75   In doing the acts alleged in this complaint, Defendant Stephen Bagley was acting under the color of the statutes, ordinances, regulations, customs and usages of the Fort Oglethorpe Government, Catoosa County Government, the State of Georgia and under the authority of his office as an officer of the Fort Oglethorpe Police Department.

4.76   In doing the acts alleged in this complaint, Defendant Tyler Gebelein was acting under the color of the statutes, ordinances, regulations, customs and usages of the Fort Oglethorpe Government, Catoosa County Government, the State of Georgia and under the authority of his office as an officer of the Fort Oglethorpe Police Department.

4.77   In doing the acts alleged in this complaint, Defendant Michael Cannon was acting under the color of the statutes, ordinances, regulations, customs and usages of the Fort Oglethorpe Government, Catoosa County Government, the State of Georgia and under the authority of his office as a sergeant of the Fort Oglethorpe Police Department.

4.78   In doing the acts alleged in this complaint, Defendant John McGrath was acting under the color of the statutes, ordinances, regulations, customs and usages of the Fort Oglethorpe Government, Catoosa County Government, the State

of Georgia and under the authority of his office as a lieutenant of the Fort Oglethorpe Police Department.

4.79   In doing the acts alleged in this complaint, Defendant Brittany Gilleland was acting under the color of the statutes, ordinances, regulations, customs and usages of the Catoosa County Government, the State of Georgia and under the authority of her office as a detective of the Catoosa County Sheriff's Department.

4.80   In doing the acts alleged in this complaint, Defendant Brandon Bennett was acting under the color of the statutes, ordinances, regulations, customs and usages of the Hamilton County Government, the State of Tennessee and under the authority of his office as a deputy of the Hamilton County Sheriff's Department.

4.81   In doing the acts alleged in this complaint, Defendant Jason Smith was acting under the color of the statutes, ordinances, regulations, customs and usages of the Hamilton County Government, the State of Tennessee and under the authority of his office as a deputy of the Hamilton County Sheriff's Department.

4.82   Upon information and belief, in doing the acts alleged in this complaint, Defendants Does 1-10 were acting under the color of the statutes, ordinances, regulations, customs and usages of the Fort Oglethorpe Government, Catoosa County Government, the State of Georgia, and under their authority of their offices as law enforcement officers.

4.83   Upon information and belief, in doing the acts alleged in this complaint, Defendants Does 1-10 were acting under the color of the statutes, ordinances, regulations, customs and usages of the Hamilton County Government, the State of Tennessee and under their authority of their offices as law enforcement officers.

4.84   Defendant Hamilton County, Tennessee was responsible for the training of all sheriffs' deputies of Hamilton County, Tennessee, in the proper use of force in the performance of their duties.

4.85   Defendant Catoosa County, Georgia was responsible for the training of all sheriffs' deputies and detectives of Catoosa County, Georgia, in the proper use of force in the performance of their duties.

4.86   Defendant Fort Oglethorpe, Georgia was responsible for the training of all officers, lieutenants and sergeants of Fort Oglethorpe, Georgia, in the proper use of force in the performance of their duties.

4.87   Upon information and belief, Defendants Dylon, Bagley, Davis, Gebelein, Cannon, and McGrath were trained by Fort Oglethorpe, Catoosa County, Georgia in the use of force in accordance with the statutes, ordinances, regulations, customs and usages of the Fort Oglethorpe Government, the Catoosa County Government and the State of Georgia.

4.88   Upon information and belief, Defendant Gilleland was trained by Catoosa County, Georgia in the use of force in accordance with the statutes,

ordinances, regulations, customs and usages of the Catoosa County Government and the State of Georgia.

4.89   Upon information and belief, Defendants Bennett and Smith were trained by Hamilton County, Tennessee in the use of force in accordance with the statutes, ordinances, regulations, customs and usages of the Hamilton County Government and the State of Tennessee.

4.90   Defendant Fort Oglethorpe, Georgia was responsible for the customs, policies, procedures and practices implemented through its various agencies, departments and employees, including but not limited to, the policies and practices used and the training received by the Fort Oglethorpe Police Department in the use of force and in exercising their powers of arrest granted them by the laws of the State of Georgia.

4.91   Defendant Catoosa County, Georgia was responsible for the customs, policies, procedures and practices implemented through its various agencies, departments and employees, including but not limited to, the policies and practices used and the training received by the Catoosa County Sheriff's Department in the use of force and in exercising their powers of arrest granted them by the laws of the State of Georgia.

4.92   Defendant Hamilton County, Tennessee was responsible for the customs, policies, procedures and practices implemented through its various

agencies, departments and employees, including but not limited to, the policies and practices used and the training received by the Hamilton County Sheriff's Department in the use of force and in exercising their powers of arrest granted them by the laws of the State of Tennessee.

4.93   Defendant Fort Oglethorpe, Georgia knew to a moral certainty that the employees of the Fort Oglethorpe Police Department would be required to subdue arrestees by force.

4.94   Defendant Catoosa County, Georgia knew to a moral certainty that the employees of the Catoosa County Sheriff's Department would be required to subdue arrestees by force.

4.95   Defendant Hamilton County, Tennessee knew to a moral certainty that the employees of the Hamilton County Sheriff's Department would be required to subdue arrestees by force.

4.96   Defendant Fort Oglethorpe, Georgia failed to properly train its employees in using force to subdue arrestees which would not cause serious bodily injuries.

4.97   Defendant Catoosa County, Georgia failed to properly train its employees in using force to subdue arrestees which would not cause serious bodily injuries.

4.98   Defendant Hamilton County, Tennessee failed to properly train its employees in using force to subdue arrestees which would not cause serious bodily injuries.

4.99   Defendant Fort Oglethorpe, Georgia failed to properly train its employees in post-arrest procedures and the propriety of using force once an arrestee is restrained in handcuffs.

4.100 Defendant Catoosa County, Georgia failed to properly train its employees in post-arrest procedures and the propriety of using force once an arrestee is restrained in handcuffs.

4.101 Defendant Hamilton County, Tennessee failed to properly train its employees in post-arrest procedures and the propriety of using force once an arrestee is restrained in handcuffs.

4.102  The apparent failure of Defendant Fort Oglethorpe, Georgia to properly train its employees in the use of force to subdue arrestees and post-arrest procedures rises to the level of deliberate indifference.

4.103  The apparent failure of Defendant Catoosa County, Georgia to properly train its employees in the use of force to subdue arrestees and post-arrest procedures rises to the level of deliberate indifference.

4.104 The apparent failure of Defendant Hamilton County, Tennessee to properly train its employees in the use of force to subdue arrestees and post-arrest procedures rises to the level of deliberate indifference.

## COUNT I
### (FOURTH AMENDMENT
### VIOLATION OF 42 U.S.C.A. §1983 – EXCESSIVE FORCE)

5.1    The conduct of the Defendant Officers as described above deprived Phillip Wayne Koger of his right not to be subjected to unreasonable seizure by the use of excessive and potentially deadly force under the Fourth Amendment to the United States Constitution.

5.2    Pursuant to statute, the Defendants are liable to Plaintiff for special and general compensatory damages, including but not limited to, emotional, physical, economic, and pecuniary damages, punitive damages, and reasonable attorney's fees and costs.

5.3    Defendants Dylon, Davis, Bagley, Gebelein, Cannon, McGrath, Gilleland, Bennett, Carson, Smith and/or Does 1-10 are also liable to Koger for special and general compensatory damages, including but not limited to emotional, physical, economic, and pecuniary damages, punitive damages, and reasonable attorney's fees and costs in their individual capacities.

5.4     As a direct and proximate result of the violation of Koger's constitutional rights, Koger suffered significant physical, emotional, and economic damages more fully described later in this complaint.

## COUNT II
### (GOVERNMENTAL TORT LIABILITY ACT – TENN. CODE. ANN. § 29-20-205 – AND/OR GA. CODE ANN. § 50-21-20 ET SEQ. EXCESSIVE FORCE)

6.1     The Defendant, Fort Oglethorpe, Georgia, owed Phillip Wayne Koger a duty to protect his life and health, to have its employees refrain from conduct which created an unreasonable risk of injury or death, to adequately train its employees, and to refrain from the use of excessive and potentially deadly force except where reasonably necessary to protect the health and safety of the officers and/or the public.

6.2     The Defendant, Catoosa County, Georgia, owed Phillip Wayne Koger a duty to protect his life and health, to have its employees refrain from conduct which created an unreasonable risk of injury or death, to adequately train its employees, and to refrain from the use of excessive and potentially deadly force except where reasonably necessary to protect the health and safety of the officers and/or the public.

6.3     The Defendant, Hamilton County, Tennessee, owed Phillip Wayne Koger a duty to protect his life and health, to have its employees refrain from conduct which created an unreasonable risk of injury or death, to adequately train its employees, and to refrain from the use of excessive and potentially deadly force except where reasonably necessary to protect the health and safety of the officers

and/or the public.

6.4    The Defendants, Fort Oglethorpe, Georgia, Catoosa County, Georgia and Hamilton County, Tennessee breached the above-listed duties to Koger in the following ways:

A.  The Defendants, Fort Oglethorpe, Georgia, Catoosa County, Georgia and Hamilton County, Tennessee, failed to protect Koger from the unreasonable and excessive use of potentially deadly force by the Defendants' employees acting within the scope of their employment;

B.  The Defendants, Fort Oglethorpe, Georgia, Catoosa County, Georgia and Hamilton County, Tennessee, engaged in conduct which put Koger's life and health at risk by using deadly force in a situation where such force was unnecessary and unreasonable; and

C.  The Defendants, Fort Oglethorpe, Georgia, Catoosa County, Georgia and Hamilton County, Tennessee, failed to adequately train and supervise its employees in regard to the proper use of force.

6.3    As a direct and proximate result of the negligence of the Defendants, Fort Oglethorpe, Georgia, Catoosa County, Georgia and Hamilton County, Tennessee, Koger suffered significant physical, emotional, and economic damages more fully described later in this complaint.

## COUNT III

**(COUNTY'S RESPONSIBILITY FOR ACTIONS OF DEPUTIES – TENN. CODE ANN. § 8-8-302 AND/OR GA. CODE ANN. §§ 15-16-23 AND -24, AS WELL AS GA. CODE ANN. §36-33-1.)**

7.1    Pursuant to Tenn. Code Ann. § 8-8-302, and/or Ga. Code Ann. §§ 15-16-23 and -24, as well as Ga. Code Ann. §36-33-1, Defendants Hamilton County, Tennessee, Ft. Oglethorpe, Georgia and Catoosa County, Georgia are responsible for the actions and inactions of Floyd Dylon, James Davis, Stephen Bagley, Tyler Gebelein, Michael Cannon, John McGrath, Brittney Gilleland, Brandon Bennett, Jason Smith and John Does 1-10.

## DAMAGES

8.1    As a direct and proximate result of the conduct of the Defendants as described above, Koger experienced extreme emotional and physical pain and suffering from the beginning of the beating until present.

8.2    As a direct and proximate result of the conduct of the Defendants as described above, Koger experienced extreme mental anguish, humiliation, pain and suffering.

8.3    As a direct and proximate result of the conduct of the Defendants as described above, Koger incurred substantial medical bills.

8.4    As a direct and proximate result of the conduct of the Defendants as described above, Koger suffers from permanent injuries to his face, neck and back.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully demands judgment against Defendants, and each of them, jointly and severally as follows:

1.    That proper process issue and be served upon the Defendants, requiring them to answer this Complaint within the time required by law;

2.    That Plaintiff be awarded a judgment for compensatory damages in an amount to be determined by the trier of fact not to exceed the maximum amount allowed by law to compensate Plaintiff for damages caused by the violation of Phillip Wayne Koger's constitutional rights, including Phillip Wayne Koger's medical and other economic damages, his physical and emotional pain and suffering, as well as damages caused by the negligence of the Defendants, including the medical and economic damages, his physical and emotional pain and suffering.

3.    That the Plaintiff be awarded a judgment for punitive damages in an amount that is necessary to punish the Defendants and to deter others from committing similar wrongs in the future;

4.    That the Plaintiff be awarded his costs, litigation costs, discretionary costs, pre-and post-judgment interest, and attorney's fees pursuant to 42 U.S.C. §1988; and

5.    That Plaintiff be granted such other, further, and general relief as to which she is entitled.

Respectfully submitted this the 3rd day of July, 2018.



/s/ Heather G. Parker_____
LUKE A. EVANS, TN BPR #23620
HEATHER G. PARKER, TN BPR #30293
Bulloch, Fly, Hornsby & Evans
302 N. Spring Street
Po Box 398
Murfreesboro, TN 37133-0398
615-896-4154
615-896-4152 (Fax)
lukeevans@bfhelaw.com
heatherparker@bfhelaw.com



/s/ Christopher R. Stanford_____
CHRISTOPHER R. STANFORD, TN BPR #  026612
CHRISTINA S. STANFORD, TN BPR # 028387
THE STANFORD LAW FIRM, PLLC
Attorneys for Plaintiff
103 West High Street
Manchester, Tennessee 37355
(931) 954-5577
stanfordlawfirm@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this the 3rd day of July 2018, electronically submitted the foregoing Certificate of Interested Persons to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/EFC system participants and mailed a copy to parties and counsel of record who are non-CM/ECF participants, as follows:

Robert M. Brinson
Brinson, Askew, Berry Siegler, Richardson & Davis
PO Box 5007
Rome, GA 30162-5007

Gwendolyn Havlik
Stevan A. Miller
Drew, Eckl & Farnham
303 Peachtree Street NE, Suite 3500
Atlanta, GA 30308

Dana K. Maine
Kevin Stone
Freeman Mathis & Gary, LLP
10 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948

Erin S. Corbett
Bullard & Wangerin, LLP
2960 RiversideDrive, Suite 280
PO Box 18107
Macon, GA 31209

Christopher R. Stanford
Christina S. Stanford
The Stanford Law Firm, PLLC
103 West High Street
Manchester, TN 37355

*/s/ Heather G. Parker*
HEATHER G. PARKER