## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| **PHILLIP WAYNE KOGER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CASE NO. 4:18-CV-00053-HLM** |
| | ) **JURY DEMAND** |
| **GREGGORY CARSON, individually;** | ) |
| **STEPHEN BAGLEY, individually;** | ) |
| **TODD COOK, individually; JAMES** | ) |
| **DAVIS, Individually; DYLON FLOYD,** | ) |
| **individually; and ANTHONY LAWSON,** | ) |
| **individually;** | ) |
| | ) |
| **Defendants.** | ) |

---

### SECOND AMENDED COMPLAINT

---

Comes now the Plaintiff, by and through his attorneys of record, pursuant to Rule 15 of the Federal Rules of Civil Procedure, and for his Second Amended Complaint against the above-named Defendants, alleges as follows:

### NATURE OF THE CASE

1.1    This action arises under the Fourth Amendment to the United States Constitution, and under federal law, specifically, the Civil Rights Act of 1964 as (amended), 42 U.S.C.A § 1983 *et seq.* for violations of the Constitutional Rights of the Plaintiff, Phillip Wayne Koger.

## JURISDICTION AND VENUE

2.1    This Court has jurisdiction over the Federal claims asserted in this action pursuant to 28 U.S.C.A. § 1331 (Federal Question) and 1343 (Civil Rights), as well as 42 U.S.C.A § 1983.

2.2    Venue of this action is proper pursuant to 28 U.S.C.A. 1391(b) in that the events giving rise to the action occurred in the Northern District of Georgia.

## PARTIES

3.1    Plaintiff, Phillip Wayne Koger, is a citizen and resident of Bradley County, Tennessee.

3.2    The Defendant, Stephen Bagley, is an officer with the Fort Oglethorpe Police Department, and as such, an employee of Fort Oglethorpe, Catoosa County, Georgia, and at all times relevant to this Complaint was acting under color of state law. Defendant Stephen Bagley is being sued in his individual capacity.

3.3    The Defendant Greggory Carson, is a Sergeant with the Hamilton County Sheriff's Department, and as such an employee of Hamilton County, Tennessee, and at all times relevant to this Complaint was acting under color of state law. Defendant Greggory Carson is being sued in his individual capacity.

3.4    The Defendant, Todd Cook, is an officer with the Hamilton County Sheriff's Department, and as such an employee of Hamilton County, Tennessee, and

2

at all times relevant to this Complaint was acting under color of state law. Defendant Todd Cook is being sued in his individual capacity.

3.5     The Defendant, James Davis, is an officer with the Fort Oglethorpe Police Department, and as such, an employee of Fort Oglethorpe, Catoosa County, Georgia, and at all times relevant to this Complaint was acting under color of state law. Defendant James Davis is being sued in his individual capacity.

3.6     The Defendant, Dylon Floyd, is an officer with the Fort Oglethorpe Police Department, and as such, an employee of Fort Oglethorpe, Catoosa County, Georgia, and at all times relevant to this Complaint was acting under color of state law.  Defendant Dylon Floyd is being sued in his individual capacity.

3.7     The Defendant, Anthony Lawson, is an officer with the Catoosa County Sheriff's Department, and as such an employee of the Catoosa County, Georgia, and at all times relevant to this Complaint was acting under color of state law. Defendant Anthony Lawson is being sued in his individual capacity.

3.8     In doing the acts alleged in this complaint, Defendants Bagley, Davis and Floyd were acting under the color of the statutes, ordinances, regulations, customs, and usages of Fort Oglethorpe, Catoosa County, Georgia and the State of Georgia and under the authority of their respective offices at the Fort Oglethorpe Police Department.

3.9     In doing the acts alleged in this complaint, Defendant Lawson was acting under the color of the statutes, ordinances, regulations, customs, and usages of Catoosa County, Georgia and the State of Georgia and under the authority of his office at the Catoosa County Sheriff's Department.

3.10    In doing the acts alleged in this complaint, Defendants Carson and Cook were acting under the color of the statutes, ordinances, regulations, customs, and usages of Hamilton County, Tennessee and the State of Tennessee and under the authority of their respective offices at the Hamilton County Sheriff's Department.

## FACTS

4.1     On March 8, 2017, Phillip Wayne Koger ("Mr. Koger") was driving on Standifer Gap Road in Chattanooga, Tennessee when law enforcement personnel with the Hamilton County Sheriff's Department initiated a stop of his vehicle. Ultimately, the Hamilton County Sheriff's deputies were joined by Georgia law enforcement personnel, and Mr. Koger's vehicle was stopped on Cloud Springs Road, Ft. Oglethorpe, Catoosa County, Georgia.

4.2     Defendant Stephen Bagley made the scene and was present for all events described hereinafter.

4.3     Defendant Greggory Carson made the scene and was present for all events described hereinafter.

4

4.4    Defendant Todd Cook made the scene and was present for all events described hereinafter.

4.5    Defendant James Davis made the scene and was present for all events described hereinafter.

4.6    Defendant Dylon Floyd made the scene and was present for all events described hereinafter.

4.7    Defendant Anthony Lawson made the scene and was present for all events described hereinafter.

4.8    After his vehicle came to rest, Mr. Koger was placed into handcuffs at the driver's side of his vehicle and escorted to the back of a Hamilton County patrol car nearby.

4.9    While at the rear of the Hamilton County patrol car, Mr. Koger was still handcuffed with his hands behind his back.

4.10   Mr. Koger's body was bent over the trunk of the patrol car by Defendant Greggory Carson and Hamilton County Deputy Brandon Bennett.

4.11   Defendant Greggory Carson then punched Mr. Koger multiple times in the back, neck and head.

4.12   Defendant Greggory Carson also used his elbow to strike blows to Mr. Koger's back, neck and head.

5

4.13   Defendant Greggory Carson employed an upper-cut like motion to Mr. Koger's groin area, specifically his testicles, causing Mr. Koger to be lifted off of the ground and slammed onto the trunk of the Hamilton County patrol car.

4.14   Defendant Greggory Carson's repeated assaults on Phillip Koger's handcuffed and defenseless person at the back of the Hamilton County patrol car lasted approximately 55 seconds.

4.15   Defendant Greggory Carson used excessive force by repeatedly beating Mr. Koger's handcuffed and defenseless person as described in paragraphs 4.10-4.14.

4.16 Hamilton County Deputy Brandon Bennett assisted Defendant Greggory Carson with the repeated assaults on Mr. Koger's handcuffed and defenseless person by delivering elbow strikes to Mr. Koger's face or upper body.

4.17 Hamilton County Deputy Brandon Bennett also physically controlled and moved Mr. Koger's body during the various assaults by Defendant Greggory Carson on Mr. Koger while these three men and other law enforcement officers were located behind the Hamilton County patrol car.

4.18   Throughout the beating at the rear of the Hamilton County patrol car, Mr. Koger was handcuffed and defenseless.

4.19 Throughout the beating at the rear of the Hamilton County patrol car, Mr. Koger was not resisting officers.

4.20   Defendant Stephen Bagley saw Mr. Koger being moved to the rear of a Hamilton County patrol car.

4.21   Defendant Stephen Bagley was close enough to hear Defendant Greggory Carson and Hamilton County Deputy Brandon Bennett calling Mr. Koger a piece of shit and a pussy.

4.22 Defendant Stephen Bagley heard an officer say he was going to check Mr. Koger for contraband and witnessed Defendant Greggory Carson grab Mr. Koger by his testicles.

4.23 Immediately following the assault to Mr. Koger's groin area, Defendant Stephen Bagley witnessed Mr. Koger's body landing on the trunk of the Hamilton County patrol car.

4.24   Defendant Stephen Bagley was close enough to hear and see the assault against Mr. Koger.

4.25   Defendant Stephen Bagley was close enough to verbally or physically intervene in the assault on Mr. Koger's handcuffed and defenseless person but failed to do so.

4.26 As a sworn law enforcement officer, Defendant Stephen Bagley had a legal obligation to intervene in the assault by Defendant Greggory Carson and Hamilton County Deputy Brandon Bennett on Mr. Koger's handcuffed and defenseless person but failed to do so.

7

4.27   Defendant Stephen Bagley participated in the excessive use of force by Defendant Greggory Carson and Hamilton County Deputy Brandon Bennett by observing the use of excessive force, having an opportunity and duty to intervene, and subsequently failing to intervene.

4.28   Defendant James Davis saw two Hamilton County officers at the rear of the Hamilton County patrol car.

4.29   Defendant James Davis heard a commotion from the rear of the Hamilton County patrol car.

4.30 Defendant James Davis saw Defendant Greggory Carson deliver elbow strikes to the back side of Mr. Koger's person.

4.31 Defendant James Davis then saw Defendant Greggory Carson and Hamilton County Deputy Brandon Bennett lift Mr. Koger's body and slam it down on the trunk of the Hamilton County patrol car.

4.32   Defendant James Davis was close enough to hear and see the assault against Mr. Koger.

4.33   Defendant James Davis was close enough to verbally or physically intervene in the assault on Mr. Koger's handcuffed and defenseless person but failed to do so.

4.34 As a sworn law enforcement officer, Defendant James Davis had a legal obligation to intervene in the assault by Defendant Greggory Carson and Hamilton

County Deputy Bandon Bennett on Mr. Koger's handcuffed and defenseless person but failed to do so.

4.35   Defendant James Davis participated in the excessive use of force by Defendant Greggory Carson and Hamilton County Deputy Brandon Bennett by observing the use of excessive force, having an opportunity and duty to intervene, and subsequently failing to intervene.

4.36 Defendant Dylon Floyd observed Mr. Koger initially being placed in handcuffs.

4.37   Defendant Dylon Floyd observed Defendant Greggory Carson and Hamilton County deputy Brandon Bennett at the rear of the Hamilton County patrol car with Mr. Koger.

4.38   Defendant Dylon Floyd then observed Mr. Koger being grabbed in the groin area and dumped on the trunk of the Hamilton County patrol car.

4.39   Defendant Dylon Floyd claimed to be ten feet away from the area where Defendant Greggory Carson and Hamilton County Deputy Brandon Bennett assaulted Mr. Koger's handcuffed and defenseless person.

4.40   Defendant Dylon Floyd was close enough to see the assault against Mr. Koger.

4.41 Defendant Dylon Floyd was close enough to verbally or physically intervene in the assault on Mr. Koger's handcuffed and defenseless person but failed to do so.

4.42 As a sworn law enforcement officer, Defendant Dylon Floyd had a legal obligation to intervene in the assault by Defendant Greggory Carson and Hamilton County Deputy Bandon Bennett on Mr. Koger's handcuffed and defenseless person but failed to do so.

4.43   Defendant Dylon Floyd participated in the excessive use of force by Defendant Greggory Carson and Hamilton County Deputy Brandon Bennett by observing the use of excessive force, having an opportunity and duty to intervene, and subsequently failing to intervene.

4.44   Defendant Anthony Lawson observed Mr. Koger being taken to the back of the Hamilton County patrol vehicle.

4.45   Defendant Anthony Lawson observed Defendant Greggory Carson punching Mr. Koger with closed fists.

4.46   Defendant Anthony Lawson observed that Mr. Koger was handcuffed behind his back and bent over the trunk of the patrol car at the time of the beating.

4.47   Defendant Anthony Lawson observed Defendant Greggory Carson make an upper cut motion with his arms putting his hand in Mr. Koger's groin area which caused Mr. Koger to be lifted up and slid across the trunk of the patrol car.

4.48   Defendant Anthony Lawson observed that Mr. Koger was not resisting at the time of the beating.

4.49   Defendant Anthony Lawson was close enough to observe the exact type of blows delivered to Mr. Koger and close enough to see that Mr. Koger was not resisting officers.

4.50   Defendant Anthony Lawson was close enough to either verbally or physically intervene in the assault on Mr. Koger's handcuffed and defenseless person but failed to do so.

4.51 As a sworn law enforcement officer, Defendant Anthony Lawson had a legal obligation to intervene in the assault by Defendant Greggory Carson and Hamilton County Deputy Bandon Bennett on Mr. Koger's handcuffed and defenseless person but failed to do so.

4.52   Defendant Anthony Lawson participated in the excessive use of force by Defendant Greggory Carson and Hamilton County Deputy Brandon Bennett by observing the use of excessive force, having an opportunity and duty to intervene, and subsequently failing to intervene.

4.53   Defendant Todd Cook observed Defendant Greggory Carson and Hamilton County Deputy Brandon Bennett at the rear of the Hamilton County patrol car with Mr. Koger.

4.54   Defendant Todd Cook then witnessed Defendant Greggory Carson punch Mr. Koger in the ribs several times.

4.55 Defendant Todd Cook witnessed Hamilton County Deputy Brandon Bennett slam Mr. Koger's head into the trunk of the Hamilton County patrol car.

4.56   Defendant Todd Cook also observed that Mr. Koger was not resisting officers after he was placed in handcuffs.

4.57   Defendant Todd Cook was close enough to the area of the assault to witness the exact blows delivered to Mr. Koger and close enough to see that Mr. Koger was not resisting officers.

4.58   Defendant Todd Cook was close enough to verbally or physically intervene in the assault on Mr. Koger's handcuffed and defenseless person but failed to do so.

4.59 As a sworn law enforcement officer, Defendant Todd Cook had a legal obligation to intervene in the assault by Defendant Greggory Carson and Hamilton County Deputy Bandon Bennett on Mr. Koger's handcuffed and defenseless person but failed to do so.

4.60   Defendant Todd Cook participated in the excessive use of force by Defendant Greggory Carson and Hamilton County Deputy Brandon Bennett by observing the use of excessive force, having an opportunity and duty to intervene, and subsequently failing to intervene.

12

4.61   During the assault at the rear of the Hamilton County patrol car, Mr. Koger repeatedly expressed to Defendants that he could not see and was struggling to breathe but his pleas for help were ignored and/or mocked by the Defendants Carson, Bagley, Cook, Davis, Floyd or Lawson.

4.62   Despite Mr. Koger's screams of pain and the apparent attack he was suffering, at no time did Defendants Bagley, Cook, Davis, Floyd or Lawson attempt to stop the various assaults on Mr. Koger's defenseless person, but rather Defendants Bagley, Cook, Davis, Floyd or Lawson watched as Mr. Koger underwent a prolonged and brutal attack by Defendant Carson and Hamilton County Deputy Brandon Bennett.

4.63   Following the attack on Koger's person, Defendant Dylon Floyd and others transported Mr. Koger to Cornerstone Medical Center in Fort Oglethorpe, Georgia.

4.64   As a result of the attack, Mr. Koger suffered closed head trauma, multiple facial bone fractures, testicular trauma, facial lacerations, neck injury, upper back injury, and shoulder injury.

4.65   Cornerstone medical staff administered anti-nausea medication, Zofran, and narcotic pain medication, morphine, in an attempt to control Mr. Koger's symptoms.   Mr. Koger was subsequently transferred to Erlanger Hospital in Chattanooga, Tennessee due to the severity of his injuries.

4.66   The excessive use of force by Defendant Greggory Carson caused Mr. Koger's injuries.

4.67   The failure to intervene in the beating by Defendants Floyd, Davis, Bagley, Cook and Lawson, contributed to the severity of Mr. Koger's injuries.

4.68   At the time Mr. Koger was beaten, he was unarmed and secured in handcuffs.

4.69   At the time Mr. Koger was beaten, he did not pose a significant threat of death or seriously bodily injury to himself.

4.70   At the time Mr. Koger was beaten, he was not physically or verbally threatening to Defendants Carson, Bagley, Cook, Davis, Floyd or Lawson, or any other person.

4.71   At the time Mr. Koger was beaten, he did not pose a significant threat of death or seriously bodily injury to Defendants Carson, Bagley, Cook, Davis, Floyd or Lawson, or any other person.

4.72   The use of force against Mr. Koger was unreasonable and totally without justification.

4.73   National, state and local standards limit the use of physical force only to overcome resistance, repel aggression or protect life.

4.74   National, state and local standards prohibit the use of physical force as punishment.

14

4.75   Defendant Greggory Carson had no reason to use physical force against Mr. Koger after he was secured in handcuffs.

4.76   Defendant Greggory Carson was not justified in using physical force against Mr. Koger after he was secured in handcuffs and not resisting.

4.77   In using physical force against Mr. Koger, Defendant Greggory Carson was deliberately indifferent to Mr. Koger's federally protected civil rights, including his right to be free from unreasonable and/or unnecessary force, excessive force that amounts to punishment, and the wanton infliction of pain.

4.78   In failing to intervene in the excessive physical force used against Mr. Koger, Defendants Bagley, Cook, Davis, Floyd and Lawson were deliberately indifferent to Mr. Koger's federally protected civil rights, including his right to be free from unreasonable and/or unnecessary force, excessive force that amounts to punishment, and the wanton infliction of pain.

4.79   Defendants, Carson, Bagley, Cook, Davis, Floyd and Lawson's use of force against Mr. Koger was unreasonable.

4.80   Defendants, Carson, Bagley, Cook, Davis, Floyd and Lawson's use of force against Mr. Koger was unnecessary.

4.81   Defendants, Carson, Bagley, Cook, Davis, Floyd and Lawson's Carson's use of force against Mr. Koger was excessive and amounted to punishment.

15

4.82   Defendants, Carson, Bagley, Cook, Davis, Floyd and Lawson's use of force against Mr. Koger was intentional, deliberate, malicious, corrupt and was without the authority of law.

4.83   Defendants, Carson, Bagley, Cook, Davis, Floyd and Lawson were aware of a substantial risk of harm in using force against Mr. Koger.

4.84   Defendants Carson, Bagley, Cook, Davis, Floyd and Lawson consciously disregarded the risk of harm to Mr. Koger and chose to use force, or ignore the use of force by others, despite being aware of the risk.

4.85   At the time Mr. Koger was attacked by Defendant Greggory Carson, Koger's conduct did not create a rapidly evolving situation.

4.86 Defendant Greggory Carson unreasonably escalated the incident with Mr. Koger by attacking him without warning or provocation while Mr. Koger was handcuffed and defenseless.

4.87   Defendant Greggory Carson's attack on Mr. Koger was done maliciously and sadistically for the very purpose of causing harm to Mr. Koger.

4.88   In doing the acts alleged in this complaint, Defendant Dylon Floyd was acting under the color of the statutes, ordinances, regulations, customs and usages of the Fort Oglethorpe Government, Catoosa County Government, the State of Georgia and under the authority of his office as an officer of the Fort Oglethorpe Police Department.

4.89   In doing the acts alleged in this complaint, Defendant James Davis was acting under the color of the statutes, ordinances, regulations, customs and usages of the Fort Oglethorpe Government, Catoosa County Government, the State of Georgia and under the authority of his office as an officer of the Fort Oglethorpe Police Department.

4.90   In doing the acts alleged in this complaint, Defendant Stephen Bagley was acting under the color of the statutes, ordinances, regulations, customs and usages of the Fort Oglethorpe Government, Catoosa County Government, the State of Georgia and under the authority of his office as an officer of the Fort Oglethorpe Police Department.

4.91   In doing the acts alleged in this complaint, Defendant Anthony Lawson was acting under the color of the statutes, ordinances, regulations, customs and usages of the of the Catoosa County Government, the State of Georgia and under the authority of his office as an officer of the Catoosa County Sheriff's Department.

4.92   In doing the acts alleged in this complaint, Defendant Greggory Carson was acting under the color of the statutes, ordinances, regulations, customs and usages of the Hamilton County Government, the State of Tennessee and under the authority of his office as a Sergeant of the Hamilton County Sheriff's Department.

4.93   In doing the acts alleged in this complaint, Defendant Todd Cook was acting under the color of the statutes, ordinances, regulations, customs and usages of

the Hamilton County Government, the State of Tennessee and under the authority of his office as a deputy of the Hamilton County Sheriff's Department.

### COUNT I
### (FOURTH AMENDMENT
### VIOLATION OF 42 U.S.C.A. §1983 – EXCESSIVE FORCE)

5.1    The conduct of the Defendants, Bagley, Carson, Cook, Davis, Floyd, and Lawson, as described above, deprived Mr. Koger of his right not to be subjected to unreasonable seizure by the use of excessive and potentially deadly force under the Fourth Amendment to the United States Constitution.

5.2    Pursuant to statute, the Defendants, Bagley, Carson, Cook, Davis, Floyd, and Lawson, are liable to Mr. Koger for special and general compensatory damages, including but not limited to, emotional, physical, economic, and pecuniary damages, punitive damages, and reasonable attorney's fees and costs.

5.3    Defendants, Bagley, Carson, Cook, Davis, Floyd, and Lawson, are also liable to Mr. Koger for special and general compensatory damages, including but not limited to emotional, physical, economic, and pecuniary damages, punitive damages, and reasonable attorney's fees and costs in their individual capacities.

5.4    As a direct and proximate result of the violation of Mr. Koger's constitutional rights, Mr. Koger suffered significant physical, emotional, and economic damages more fully described later in this complaint.

## DAMAGES

6.1    As a direct and proximate result of the conduct of the Defendants, Bagley, Carson, Cook, Davis, Floyd, and Lawson, as described above, Mr. Koger experienced extreme emotional and physical pain and suffering from the beginning of the handcuffed beating until present.

6.2    As a direct and proximate result of the conduct of the Defendants, Bagley, Carson, Cook, Davis, Floyd, and Lawson, as described above, Mr. Koger experienced extreme mental anguish, humiliation, pain and suffering.

6.3    As a direct and proximate result of the conduct of the Defendants, Bagley, Carson, Cook, Davis, Floyd, and Lawson, as described above, Mr. Koger incurred substantial medical bills.

6.4    As a direct and proximate result of the conduct of the Defendants, Bagley, Carson, Cook, Davis, Floyd, and Lawson, as described above, Mr. Koger suffers from permanent injuries to his face, neck and back.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully demands judgment against Defendants, and each of them, jointly and severally as follows:

1.    That proper process issue and be served upon the Defendants, requiring them to answer this Complaint within the time required by law;

2.    That Plaintiff be awarded a judgment for compensatory damages in an amount to be determined by the trier of fact not to exceed the maximum amount

allowed by law to compensate Plaintiff for damages caused by the violation of Phillip Wayne Koger's constitutional rights, including Phillip Wayne Koger's medical and other economic damages, his physical and emotional pain and suffering, as well as damages caused by the negligence of the Defendants, including the medical and economic damages, his physical and emotional pain and suffering.

3.   That the Plaintiff be awarded a judgment for punitive damages in an amount that is necessary to punish the Defendants and to deter others from committing similar wrongs in the future;

4.   That the Plaintiff be awarded his costs, litigation costs, discretionary costs, pre-and post-judgment interest, and attorney's fees pursuant to 42 U.S.C. §1988; and

5.   That Plaintiff be granted such other, further, and general relief as to which she is entitled.

Respectfully submitted this the 28th day of September, 2018.

/s/ Heather G. Parker_____
LUKE A. EVANS, TN BPR #23620
HEATHER G. PARKER, TN BPR #30293
Bulloch, Fly, Hornsby & Evans
302 N. Spring Street
Po Box 398
Murfreesboro, TN 37133-0398
615-896-4154
615-896-4152 (Fax)
lukeevans@bfhelaw.com
heatherparker@bfhelaw.com

20

/s/ Christopher R. Stanford
CHRISTOPHER R. STANFORD, TN BPR #  026612
CHRISTINA S. STANFORD, TN BPR # 028387
THE STANFORD LAW FIRM, PLLC
Attorneys for Plaintiff
103 West High Street
Manchester, Tennessee 37355
(931) 954-5577
stanfordlawfirm@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this the 22nd day of October 2018, electronically submitted the foregoing Certificate of Interested Persons to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/EFC system participants and mailed a copy to parties and counsel of record who are non-CM/ECF participants, as follows:

Robert M. Brinson
Brinson, Askew, Berry Siegler, Richardson & Davis
PO Box 5007
Rome, GA 30162-5007

Gwendolyn Havlik
Stevan A. Miller
Drew, Eckl & Farnham
303 Peachtree Street NE, Suite 3500
Atlanta, GA 30308

Dana K. Maine
Kevin Stone
Freeman Mathis & Gary, LLP
10 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948

Erin S. Corbett
Bullard & Wangerin, LLP
2960 Riverside Drive, Suite 280
PO Box 18107
Macon, GA 31209

Christopher R. Stanford
Christina S. Stanford
The Stanford Law Firm, PLLC
103 West High Street
Manchester, TN 37355

_/s/ Christopher R. Stanford_
CHRISTOPHER R. STANFORD