IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| PHILLIP WAYNE KOGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GREGGORY CARSON, individually; | ) | CASE NO. 4:18-cv-53 |
| STEPHEN BAGLEY, individually; | ) | |
| TODD COOK, individually; JAMES | ) | |
| DAVIS, individually; DYLON FLOYD, | ) | |
| individually; and ANTHONY | ) | |
| LAWSON, individually; | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO DEFENDANT TODD COOK'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Comes now, Plaintiff, Phillip Wayne Koger, by and through undersigned counsel, and would provide the following Brief in Support of his Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint:

**FACTS**

This case stems from a traffic stop, subsequent traffic accident, and Mr. Koger's resulting removal from the vehicle and arrest. (Second Amended Complaint Doc. 97, ¶4.1-4.93). Defendant made the scene and was present for all events described

in the Complaint. (Id. ¶4.4). Mr. Koger was placed in handcuffs and taken to the rear of a patrol car. (Id. ¶ 4.8-4.9). While at the rear of the car in handcuffs, Mr. Koger was bent over the trunk of the patrol car, punched multiple times in the back, neck, and head, was punched so forcefully in his groin area that he was lifted off of the ground. (Id. ¶4.10-4.13).

The assault on Mr. Koger at the back of the patrol car last 55 seconds. (Id. ¶4.14).

Defendant Bagley saw Mr. Koger being taken to the back of the patrol car, was close enough to hear conversation between Defendants Carson and Bennet and Mr. Koger, and was close enough to intervene, but failed to do so. (Id. ¶4.20-4.25).

Defendant Davis saw Hamilton County officers at the rear of the patrol car where Mr. Koger was located, heard a commotion at the back of the patrol car, and witnessed the entire assault against Mr. Koger. (Id. ¶ 4.28-4.32). Defendant Davis was close enough to Mr. Koger to intervene but failed to do so. (Id. ¶ 4.33).

Defendant Floyd knew that Mr. Koger was handcuffed, saw officers take Mr. Koger to the rear of the patrol car, and witnessed the assault from ten feet away. (Id. ¶ 4.36-4.39). Defendant Floyd was close enough to see the assault and to verbally or physically intervene but failed to do so. (Id. ¶ 4.40-4.41)

Defendant Cook saw Mr. Koger being taken to the back of the patrol car, was close enough to hear conversation between Defendants Carson and Bennet and Mr. Koger, and was close enough to intervene, but failed to do so. (Id. ¶4.53-4.58).

## STANDARD OF REVIEW

A Motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure is only appropriate where Plaintiff has failed to "'allege facts' that, taken as true, are 'suggestive of illegal conduct.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007)). Furthermore, the Court must "accept the facts in the complaint as true and [must] view them in the light most favorable to the nonmoving party." *Cinotto v. Delta Air Lines, Inc.,* 674 F.3d 1285, 1291 (11th Cir. 2012). When the Complaint contains factual allegations such that the court may draw a "reasonable inference that the defendant is liable for the misconduct alleged," a claim has facial plausibility and should not be dismissed. *Ashcroft*, at 678.

## ARGUMENT

Defendant Cook's assessment of Plaintiff's claims is correct in that Plaintiff's claims against Defendant Cook are for failing to intervene in the assault perpetrated against him by other officers at the scene. Defendant Cook's failure to

intervene is, in and of itself, a violation of Mr. Koger's constitutional rights under the Fourth Amendment.

As discussed above, Defendant Cook was present for the assault against Mr. Koger; he knew Mr. Koger was handcuffed and at the back of the patrol car; he was close enough to hear the conversations occurring between Mr. Koger and the officers assaulting him; and the assault lasted approximately 55 seconds. (Second Amended Complaint, Doc. 97, ¶ 4.4, 4.8-4.9, 4.10-4.13, 4.14, 4.53-4.58). Yet, Defendant Cook did nothing to intervene.

I. DEFENDANT'S MOTION TO DISMISS

A. **Defendant's Prong One**

The initial thrust of Defendant Cook's argument is that Plaintiff has failed to allege facts such that the Court would be unable to reasonably infer the defendant is liable for the alleged misconduct. Specifically, Defendant Cook argues that ¶ 4.53-4.62 and ¶ 4.78-4.84 of the Second Amended Complaint are not "well-pleaded" factual allegations.

In *Twombly,* the Court discusses that "well-pleaded" means that Plaintiff has alleged "grounds for his entitle[ment] to relief" (internal citations omitted), that are more than speculative. *Twombly*, at 555. Plaintiff's allegations in the Second Amended Complaint, as cited above are statements of fact as to where Defendant Cook was, what was occurring around Defendant Cook, and what actions

4

Defendant Cook took upon observing the alleged events. Here, Plaintiff not only alleges the specific manner in which Defendant Cook acted or failed to act, As this Court has previously noted in its Order denying the Second Motion for Judgment on the Pleadings of Defendants Bagley, Davis, and Floyd, judicial notice of the video has been taken as the video is a public record. (Doc. 112 p. 24). In said Order, this Court has already determined that these same allegations which were also made against Defendants Bagley, Davis, and Floyd were sufficient pleaded such that Defendants' Second Motion for Judgment on the Pleadings was denied. Specifically, this Court stated, " …Plaintiff has pleaded sufficient facts to state viable failure to intervene claims" against Defendant Cook's codefendants. (*Id.* at p. 25).

Therefore, due to the similar situations of Defendant Cook and Defendants Bagley, Davis, and Floyd, this Court should find that regardless of whether the Second Amended Complaint contains legal conclusions, the Second Amended Complaint does contain well-pleaded factual allegations sufficient to survive a Rule 12(b)(6) motion.

**B.  Defendant's Second Prong**

The Defendant next argues that having removed the legal conclusions, that Plaintiff's Second Amended Complaint fails to contain sufficient facts to support a plausible claim for relief.

5

The issue of plausibility is addressed in *Iqbal*, in which the Court stated, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a "short and plain statement… that pleader is entitled to relief," but it does not require "detailed factual allegations." *Iqbal* at 663. Further, facial plausibility exists when the "pleaded factual content allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Id.* Where the Plaintiff has alleged more than threadbare recitals of elements and mere conclusory statements, the Court will draw on its experience and common sense. *Id.* at 663-64. In the present case, Plaintiff's statements of fact, as identified above, alleged that this particular Defendant was present at the scene, observed the conduct of the law enforcement officers, had the opportunity to intervene, and failed to intervene to prevent the alleged unlawful conduct. These allegations, as well as the judicially noticed video, create a sufficient factual basis for this Court to make a reasonable inference as whether the Defendant is liable for the misconduct alleged. In support of his argument that the Plaintiff's allegations are not plausible, Defendant relies on *Espinoza v. Harrelson*, Case No. 6:15-cv-1923-Orl-37GJK, 2016 WL 3926497 (S.D. Fla. July 21, 2017). However, this Court has already distinguished the present case from *Espinoza* in the Court's Order on Defendants' Second Motion for Judgment on the Pleadings. (Doc. 112 at p. 25). Following this Court's Order, Defendant's argument in so far as it relies upon *Espinoza* is moot.

Furthermore, a similar issue was before this Court in this case on the Second Motion for Judgment on the Pleadings brought by Defendants Bagley, Davis, and Floyd. This Court noted "Plaintiff has alleged sufficient plausible facts to show that Defendants Bagley, Davis, and Floyd had the opportunity to observe and intervene in the use of force." Doc. 112 at p. 25-6. Defendant Cook has presented no argument as to why this Court's conclusions in the above-referenced Order are not equally applicable to him.

Additionally, this Court has already found that "an officer can be liable for failing to intervene when another officer uses force," if the "officer is in a position to intervene and fails to do so." *Id.* at p. 24 (citing *Priester v. City of Riviera Bch., Fla.*, 208 F. 3d 919, 924 (11th Cir. 2000)). Based on the case law cited by this Court and this Court's Order denying Defendants' Second Motion for Judgment on the Pleadings, Plaintiff asserts that he has alleged facially plausible factual allegations sufficient to establish a claim against Defendant Cook.

Therefore, Defendant's Rule 12(b)(6) Motion should be denied, because this Court has already concluded in the above-referenced Order that the Second Amended Complaint alleges sufficiently plausible facts to survive a Motion for Judgment on the Pleadings by similarly situated defendants. Defendant Cook has not presented any argument as to why this Motion should be resolved in a manner different to Defendants' Second Motion for Judgment on the Pleadings.

## II. QUALIFIED IMMUNITY

Defendant Cook next asserts that he is entitled to immunity, because there was no clearly established law preventing the conduct of which Defendant Cook is guilty. (Memorandum of Law in Support of Todd Cook's Motion to Dismiss Plaintiff's Second Amended Complaint, Doc. 128-1, p. 16). The number of cases finding it unconstitutional to apply force to a person who is not resisting arrest abound. *See Hadley v. Gutierrez*, 526 F.3d 1324, 1330 (11th Cir. 2008); *Lee v. Ferraro*, 284 F.3d 1188, 1194, 1198 (11th Cir. 2002). Therefore, that right was clearly established by 2017, and goes back nearly twenty years. *See Ensley v. Snoper*, 142 F.3d 1402 (11th Cir. 1998).

Defendant claims that Plaintiff's reliance on an alleged failure to intervene by Defendant Cook, while Defendant Cook was acting as a law enforcement officer at the scene of an arrest is insufficient to defeat a claim of qualified immunity. However, the cases cited herein show that "It is clearly established in this Circuit' that an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance…" when that officer "was in a position to intervene yet failed to do so." *Bailey*, 476 App'x., at 196 (quoting *Velazquez*, 484 F.3d at 1341-42; *Hadley v. Gutierrez*, 536 F.3d at 1331).

Having established that failure to intervene when an officer has an opportunity to do so is a clearly established right, Defendant's claim of immunity must be denied.

III. HAMILTON COUNTY

In response to Defendant's subsection "a," Plaintiff's position is that while the caption of the Second Amended Complaint inadvertently identifies Defendant Cook in his official capacity, Plaintiff made no official capacity claims against Defendant in the Second Amended Complaint.

## CONCLUSION

For the reasons stated herein, Defendant is not entitled to dismissal and his Motion must be DENIED.

Respectfully submitted this the 7th day of March, 2019.

/s/ Heather G. Parker
LUKE A. EVANS, TN BPR #23620
HEATHER G. PARKER, TN BPR #30293
lukeevans@bfhelaw.com
heatherparker@bfhelaw.com

BULLOCH, FLY, HORNSBY & EVANS
302 North Spring Street
P.O. Box 398
Murfreesboro, TN 37133
615-896-4154
615-896-4152 (Fax)

9

## CERTIFICATE OF SERVICE

  I hereby certify that I have this the 7th day of March, 2019, electronically submitted the foregoing Certificate of Interested Persons to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/EFC system participants and mailed a copy to parties and counsel of record who are non-CM/ECF participants, as follows:

Robert M. Brinson
J. Anderson Davis
Brinson, Askew, Berry Siegler, Richardson & Davis
P.O. Box 5007
Rome, GA 30162-5007

Bryan Hoss
850 Fortwood St.
Chattanooga, TN 37403

Gwendolyn Havlik
Stevan A. Miller
Drew, Eckl & Farnham
303 Peachtree Street NE, Suite 3500
Atlanta, GA 30308

Dana K. Maine
Kevin Stone
Freeman Mathis & Gary, LLP
10 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948

Erin S. Corbett
Bullard & Wangerin, LLP
2960 Riverside Drive, Suite 280
P.O. Box 18107
Macon, GA 31209

James Frederick Exum, III
Leitner Williams Dooley & Napolitan-TN

Tallon Building
200 W. Martin Luther King Blvd., Suite 500
Chattanooga, TN 37402

/s/ Heather G. Parker
LUKE A. EVANS, TN BPR #23620
HEATHER G. PARKER, TN BPR #30293
lukeevans@bfhelaw.com
heatherparker@bfhelaw.com

BULLOCH, FLY, HORNSBY & EVANS
302 North Spring Street
P.O. Box 398
Murfreesboro, TN 37133
615-896-4154
615-896-4152 (Fax)