IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

PHILLIP WAYNE KOGER,

   Plaintiff,

v.

DYLON FLOYD, et al.,

   Defendants.

CIVIL ACTION FILE NO.
4:18-CV-0053-HLM

# ORDER

This case is before the Court on the Motion for Entry of Judgment Under Rule 54(b) filed by Defendants Stephen Bagley ("Defendant Bagley"), James Davis ("Defendant Davis"), and Dylon Floyd ("Defendant Floyd") [234], on the Motion for Entry of Judgment Under Rule 54(b) filed by Defendant Todd Cook ("Defendant Cook") [235], and on the Motion for Entry of Judgment Under Rule 54(b) filed by Defendant Anthony Lawson ("Defendant Lawson") [236].

On May 11, 2020, the Court entered Orders granting summary judgment in favor of Defendants Lawson, Bagley, Davis, Floyd, and Cook.  (Order of May 11, 2020 (Docket Entry No. 229) (granting summary judgment in favor of Defendant Lawson); Order of May 11, 2020 (Docket Entry No. 230) (granting summary judgment in favor of Defendants Floyd, Bagley, and Davis); Order of May 11, 2020 (Docket Entry No. 231) (granting summary judgment in favor of Defendant Cook).) On May 13, 2020, Defendants Bagley, Davis, and Floyd filed their Motion for Entry of Judgment Under Rule 54(b), arguing that the Court should enter a final judgment in their favor.  (Mot. Entry J. (Docket Entry No. 234).)  On May 18, 2020, Defendant Cook filed a similar Motion.  (Mot. Entry J. (Docket Entry No. 235).)  On May 20, 2020, Defendant Lawson filed his own Motion for Entry of Judgment Under Rule 54(b).  (Mot. Entry J. (Docket Entry No. 236).)  Plaintiff did not file responses to those Motions

within the applicable response periods. (See generally Docket.) The Court finds that the matters are ripe for resolution.

> Federal Rule of Civil Procedure 54(b) provides:
>
> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The Court does not routinely grant requests to enter final judgments under Rule 54(b). The Court, however, makes an exception to its usual practice here for two reasons.

First, Plaintiff did not respond to any of the Motions for Entry of Judgment, and the Court concludes that Plaintiff does not oppose the Motions. See N.D. Ga. R. 7.1B ("Failure to file a

3

response shall indicate that there is no opposition to the motion.").

Alternatively, the Court finds that the Motions are due to be granted on their merits. First, the Court's summary judgment rulings concerning Plaintiff's failure to intervene claims against Defendants Cook, Bagley, Davis, Floyd, and Lawson resolved all Plaintiff's claims against those Defendants. Second, those claims are distinct from the sole remaining claim in this case, Plaintiff's excessive force claim against Defendant Greggory Carson ("Defendant Carson"). The summary judgment orders are thus final judgments as to Defendants Cook, Bagley, Davis, Floyd, and Lawson.

Further, no just reason for delay exists. Entering a final judgment as to Plaintiff's claims against Defendants Lawson, Cook, Bagley, Davis, and Floyd will not affect Plaintiff's remaining excessive force against Defendant Carson. Further, multiple appeals would be likely even if the Court declined to

enter a final judgment in favor of Defendants Lawson, Cook, Bagley, Davis, and Floyd. The Court denied qualified immunity to Defendant Carson for his excessive force claim, and Defendant Carson has filed an interlocutory appeal. If the Court declines to enter final judgments as to Defendants Lawson Cook, Bagley, Davis, and Floyd, Plaintiff will have to wait until the resolution of Defendant Carson's interlocutory appeal—and, possibly, the trial of this case—before appealing the Court's rulings as to those Defendants. Entering final judgments as to the claims against Defendants Lawson, Cook, Bagley, Davis, and Floyd actually may permit Plaintiff to raise any issues concerning the Court's resolution of those claims along with any appeal that Defendant Carson might file. Under those circumstances, the Court concludes that no just reason for delay exists.

For the reasons discussed above, the Court finds that it is appropriate to enter final judgments in favor of Defendants

Lawson, Cook, Bagley, Davis, and Floyd. The Court therefore grants the Motions for Entry of Judgment Under Rule 54(b).

ACCORDINGLY, the Court **GRANTS** the Motion for Entry of Judgment Under Rule 54(b) filed by Defendants Bagley, Davis, and Floyd [232], **FINDS** that no just reason for delay exists, and **CERTIFIES** its May 11, 2020 Order as to Defendants Bagley, Davis, and Floyd [230] as a final Order. The Court also **GRANTS** Defendant Cook's Motion for Entry of Judgment Under Rule 54(b) [235], **FINDS** that no just reason for delay exists, and **CERTIFIES** its May 11, 2020 Order as to Defendant Cook [231] as a final Order. Further, the Court **GRANTS** Defendant Lawson's Motion for Entry of Judgment Under Rule 54(b) [236], **FINDS** that no just reason for delay exists, and **CERTIFIES** its May 11, 2020 Order as to Defendant Lawson [229] as a final Order. The Court **DIRECTS** the Clerk to enter judgment in favor of Defendants Lawson, Cook, Bagley, Davis, and Floyd and

against Plaintiff.  Plaintiff's claim against Defendant Carson remains pending, and this case remains open.

IT IS SO ORDERED, this the 4th day of June, 2020.

/s/ Harold L. Murphy
_____
SENIOR UNITED STATES DISTRICT JUDGE